**1318**

Arthur R. FACTEAU,
Plaintiff–Appellant,

v.

George E. SULLIVAN, Individually and
in his official capacity as P.N.M. Ward-
en; Wilfred Romero, Individually and
in his official capacity as Maj. P.N.M.,
North Facility, Defendants–Appellees.

No. 87–1473.

United States Court of Appeals,
Tenth Circuit.

April 8, 1988.

Arthur R. Facteau, pro se.

William McEuen, Asst. Atty. Gen. (Hal
Stratton, Atty. Gen., State of N.M., with
him on brief), Santa Fe, N.M., for defend-
ants-appellees.

Before MOORE and TACHA, Circuit
Judges, and BRIMMER, Chief District
Judge.*

PER CURIAM.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not mate-
rially assist in the determination of this
appeal. *See* Fed.R.App.P. 34(a); 10th Cir.
R. 34.1.8. The cause is therefore ordered
submitted without oral argument.

This is an appeal from an order of the
United States District Court for the Dis-
trict of New Mexico dismissing plaintiff's
prison civil rights suit as barred by an
ongoing class action over conditions at the
same prison, *Duran v. Anaya*, No. 77–721
(D.N.M.), but referring plaintiff's allega-
tions and forwarding his pleadings to the
special master appointed in the latter. We
construe the district court's order as a dis-
missal without prejudice to refiling in the
event plaintiff's claims are rejected as out-
side the scope of the *Duran* class action.
*See generally Herron v. Beck*, 693 F.2d
125, 127 (11th Cir.1982); *Goff v. Menke*,
672 F.2d 702, 704–05 (8th Cir.1982).

The *Duran* class action was commenced
in 1978 on behalf of all persons confined at
the New Mexico State Penitentiary in San-
ta Fe, generally challenging the conditions
of confinement there. On July 17, 1980,
the *Duran* district court entered an order

---

\* Honorable Clarence A. Brimmer, Chief Judge,
United States District Court for the District of
Wyoming, sitting by designation.

approving a consent decree that, by its terms, applied to all present and future inmates "incarcerated in the Penitentiary of New Mexico at Santa Fe or at any maximum, close, or medium security facility open for operation by the State of New Mexico after June 12, 1980." That consent order, along with the attached policy statements and previously filed partial consent decrees, reflected the parties' settlement of the disputes raised in *Duran*, though the district court expressly retained jurisdiction "for such time as is necessary to enforce or modify this Order and settlement with, if necessary, all appropriate orders including contempt sanctions."

Issues relating to the scope, effect, and enforcement of the consent order were later clarified by the district court in an order entered March 15, 1984. By the latter, the district court found that the Fed.R. Civ.P. 23 requirements of class definition, notice, and adequacy of representation had been satisfied and, accordingly, held its consent order to be binding on all members of the class, thus precluding collateral actions for injunctive relief relating to issues resolved therein. The March 15 order also refers to the previous appointment of a special master "to assist the Court in monitoring the state of defendant's compliance with all remedial orders," whose duties are "to observe, monitor, find facts, report or testify as to his findings, and make recommendations to the court concerning steps that should be taken to achieve compliance." The district court went on to state that all documents subsequently filed by class members seeking equitable relief pursuant to 42 U.S.C. § 1983 for matters covered by the consent order would be forwarded to the special master in *Duran* for his initial consideration. If such documents were pleadings giving rise to separate lawsuits, those individual suits were to be dismissed in favor of the enforcement procedure already in place in *Duran*.

Plaintiff commenced the instant § 1983 action for injunctive relief on February 20, 1987, seeking modification of present policy at the New Mexico State Penitentiary regarding body cavity searches. The case was promptly disposed of five days later in accordance with the orders entered in *Duran* discussed above. Specifically, the district court referred the factual allegations set forth in plaintiff's complaint to the special master and concluded:

It is ordered, adjudged and decreed that the above-captioned civil action is dismissed.

It is further ordered that the Clerk of this court shall forward forthwith all documents filed by the plaintiff in this civil action as described in the Court's Order of March 15, 1984, in *Duran v. Anaya*, No. 77-0721 JB.

On appeal plaintiff contends that his action should not have been dismissed because body cavity searches are not covered by the *Duran* consent decree. Defendants counter by arguing that, whatever the merit in plaintiff's position on the scope of *Duran*, the district court simply directed plaintiff to the appropriate forum for resolution of the matter, and the order effecting that transfer is neither final nor appealable, citing *In re Dalton*, 733 F.2d 710, 714–15 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985) (order transferring venue of an action, even if the transfer is to a district in another circuit, is interlocutory and unappealable except by certification), and *Jesko v. United States*, 713 F.2d 565, 567–68 (10th Cir.1983) (order transferring action from district court to Court of Claims is interlocutory and unappealable). We agree, although we note that the instant order, which contemplates not only the transfer of plaintiff's claims but their consolidation with those of the *Duran* class and the formal dismissal of his independent lawsuit, presents a more complicated procedural situation than either *Dalton* or *Jesko*.

The critical determination is whether plaintiff has been effectively excluded from federal court under the present circumstances. *See Pioneer Properties, Inc. v. Martin*, 776 F.2d 888, 891 (10th Cir.1985), discussing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 10–11, 103 S.Ct. 927, 933–34, 74 L.Ed.2d 765 (1983). We believe he has not. If plaintiff's allegations fall within the scope

of the *Duran* litigation, he will have his claim decided by the *Duran* district court; if plaintiff's allegations fall outside the parameters of *Duran,* he may be transferred back to the original transferor court for reinstatement of his suit or he may simply refile on his own. In either case, plaintiff will have his day in federal district court, with the opportunity then to appeal, if necessary.

Accordingly, plaintiff's appeal is DISMISSED.