948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen BISHOP, Plaintiff-Appellant,
v.
MEDICAL RECORDS OFFICER, PRISON OF NEW MEXICO; Prison of
New Mexico, North Facility; Robert Tansy, Warden,
Defendants-Appellees.
 No. 91-2172.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before Stephen H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Bishop, a state inmate, appeals pro se the dismissal of his civil rights action.
 
 
 3
 Mr. Bishop brought suit pursuant to 42 U.S.C. § 1983 against the New Mexico warden and medical records officer alleging violations of his Eighth and Fourteenth Amendment rights claiming his transfer from New Mexico state prison to Arizona state prison was medically improper and Arizona prison officials were not informed of his recent surgery and did not receive his current medical records.
 
 
 4
 Defendants brought a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) asserting the complaint contained conclusory allegations and no evidence of deliberate indifference. The district court dismissed the claims because Mr. Bishop did not establish conduct that violated rights, privileges or immunities protected by the Constitution or United States law. The court found: (1) Defendant's transfer did not rise to an Eighth Amendment violation because Mr. Bishop did not plead any facts indicating deliberate indifference by the defendants; (2) due process does not protect against negligence; (3) Mr. Bishop did not establish an equal protection claim because he did not present evidence he was part of a particular group treated differently; and (4) the court does not have jurisdiction over equitable relief sought under the Duran consent decree.
 
 
 5
 Mr. Bishop appeals and asserts the trial court erred by: (1) finding his assertions conclusory thereby not finding an intentional deprivation of right to medical attention; (2) dismissing his due process claim because of negligence when evidence of intent exists; and (3) dismissing his equal protection claim when he presented evidence the class is interstate prisoners not given same rights as instate prisoners.
 
 
 6
 We find no error in the trial court's dismissal of the complaint. We have reviewed Mr. Bishop's appeal as well as the Memorandum Opinion and Order of the trial court and AFFIRM the dismissal of Mr. Bishop's complaint for substantially the same reasons as set forth in the trial court's Memorandum Opinion and Order, filed June 7, 1991, a copy of which is attached hereto.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF NEW MEXICO
 
 7
 STEPHEN BISHOP, Plaintiff,
 
 
 8
 vs.
 
 
 9
 MEDICAL RECORDS OFFICER, NORTH FACILITY, PENITENTIARY OF NEW
 
 
 10
 MEXICO, Defendant.
 
 
 11
 STEPHEN BISHOP, Plaintiff,
 
 
 12
 vs.
 
 
 13
 LEWIS WEBER, Associate Warden, PNM;
 
 
 14
 BARRY HERTZOG, Security Major, PNM;
 
 
 15
 DOUG ROBERTSON, LT., Defendants.
 
 
 16
 STEPHEN BISHOP, Plaintiff,
 
 
 17
 vs.
 
 
 18
 ROBERT TANSY, Defendant.
 
 Civ. No. 88-0024 JB/SGB
 Civ. No. 89-1180 JB/WWD
 Civ. No. 89-1189 JP/WWD
 June 7, 1991
 MEMORANDUM OPINION AND ORDER
 
 19
 This matter comes before the Court upon defendants' Motion to Consolidate, filed April 19, 1991; defendant Tansy's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, filed March 25, 1991 in Civ. No. 89-1189 JP/WWD; and defendant medical records officer's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, filed June 30, 1989 in Civ. No. 88-0024 JB/SGB. Civ. Nos. 88-0024 JB/SGB, 89-1180 JB/WWD, and 89-1189 JP/WWD are 42 U.S.C. § 1983 cases.
 
 I. Motion to Consolidate
 
 20
 Defendants request this Court to consolidate Civ. Nos. 88-0024 JB/SGB, 89-1180 JB/WWD, and 89-1189 JP/WWD. Fed.R.Civ.P. 42(a) permits consolidation of "actions involving a common question of law or fact...." Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD both arise out of plaintiff's allegations that his medical care was adversely affected when he was transferred from the New Mexico State Penitentiary (PNM) to an Arizona correctional facility. Civ. No. 89-1180 JB/WWD, however, alleges damages caused by a New Mexico inmate who prison officials allegedly allowed to flood and burn his cell. The only cases with a common question of law or fact are Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD. Thus, those two cases should be consolidated to avoid unnecessary costs and delays.
 
 
 21
 II. Motions to Dismiss filed in Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD
 
 
 22
 Defendants medical records officer and Tansy argue that plaintiff's complaints in Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD should be dismissed for failure to state a § 1983 claim for which relief can be granted. See Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept all well-pleaded factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir.1984). Moreover, in view of plaintiff's pro se status, the court will not construe plaintiff's pleadings as strictly as it would construe pleadings prepared by an attorney. Haines v. Kerner, 404 U.S. 519, reh'g denied, 405 U.S. 948 (1972).
 
 
 23
 To state a claim under § 1983, plaintiff must show (1) that the defendants' conduct was committed under color of state law and (2) that the conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or United States law. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff has met the first part of the Parratt test for establishing a § 1983 claim. The defendants argue that plaintiff has not demonstrated that defendants have deprived plaintiff of a federal right, privilege, or immunity.
 
 A. Cruel and Unusual Punishment
 
 24
 Plaintiff asserts that the defendants inflicted cruel and unusual punishment upon him when they transferred him to Arizona in the medical condition he was in at the time and untimely sent his medical records to Arizona. To state a claim under the Eighth Amendment for cruel and unusual punishment, plaintiff must allege that defendant's transfer of plaintiff to Arizona subsequent to surgery and recent injury as well as failure to transfer timely medical records was "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 1066 (1977). Plaintiff has not pleaded any facts which would indicate that defendants acted with deliberate indifference or that plaintiff's medical needs were serious. Rather, plaintiff makes conclusory statements regarding the deliberateness of defendants' actions and the seriousness of his medical condition. Such conclusory allegations can form a basis for a 12(b)(6) dismissal. Coopersmith v. Supreme Court, State of Colo., 465 F.2d 993, 994 (10th Cir.1972). Moreover, a mere disagreement with the medical treatment given to a prisoner is insufficient to state a claim of cruel and unusual punishment. Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir.1985). See also McCracken v. Jones, 562 F.2d 22, 24 (10th Cir.1977), cert. denied, 435 U.S. 917 (1978). Consequently, plaintiff has failed to state a claim of cruel and unusual punishment against the defendants. Plaintiff's cruel and unusual punishment claim should be dismissed.
 
 B. Due Process
 
 25
 Plaintiff claims his due process rights were violated by the allegedly medically unsound decision to transfer plaintiff to Arizona and the allegedly untimely transfer of medical records to Arizona. Since plaintiff does not adequately allege that defendants' actions were deliberate in nature, he must at a minimum be alleging negligence by the defendants. However, the due process clause does not protect prisoners against simple negligence or lack of due care by prison officials. Daniels v. Williams, 474 U.S. 327, 332-33 (1986). Thus, plaintiff's negligence claim cannot be founded in the due process clause. Plaintiff's due process claim should be dismissed.
 
 C. Equal Protection
 
 26
 Plaintiff also asserts that defendants' behavior regarding his medical condition during the transfer to Arizona and the untimely transfer of medical records to Arizona amounted to a violation of his right to equal protection under the law. "An equal protection claim requires a plaintiff to show that a particular law, regulation or statute as applied to a particular group of people, of which plaintiffs are a part, results in dissimilar treatment of the plaintiffs." Hawkins v. National Collegiate Athletic Ass'n, 652 F.Supp. 602, 612 (C.D.Ill.1987). In this case, plaintiff has not shown that he belonged to a particular group of prisoners who are treated differently than the rest of the prison population when transferred to other correctional facilities. Thus, plaintiff has not stated an equal protection claim.
 
 III. Duran Consent Decree
 
 27
 Plaintiff argues in Civ. No. 88-0024 JB/SGB that the Duran Consent Decree was violated by the medical records officer's untimely transfer of plaintiff's medical records to Arizona. Facteau v. Sullivan, 843 F.2d 1318, 1319 (10th Cir.1988) held that federal § 1983 cases seeking equitable relief covered by the Duran Consent Decree are to be forwarded to the special master in Duran for consideration. Plaintiff asks for equitable relief in Civ. No. 88-0024 JB/SGB by requesting that the Court issue a show cause order. Civ. No. 89-1189 JP/WWD requests that the Court enter an order declaring that the defendants' acts are unconstitutional. The Court will refrain from exercising subject matter jurisdiction over these requests for equitable relief to the extent they seek relief covered by the Duran Consent Decree.
 
 IV. Conclusion
 
 28
 Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD should be consolidated. In addition, plaintiff has failed to state a claim for which relief can be granted in Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD. Accordingly, these causes should be dismissed without prejudice.[1] However, plaintiff may forward to the special master in Duran his requests for equitable relief which the Duran Consent Decree covers.
 
 
 29
 WHEREFORE,
 
 
 30
 IT IS ORDERED that Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD be and they are hereby consolidated.
 
 
 31
 IT IS FURTHER ORDERED that Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD be and they are hereby dismissed, and the Clerk of the Court is directed to forward forthwith all documents filed in those causes as directed in the Court's Order of March 15, 1984, in Duran v. Anaya, No. 77-721 JB.
 
 
 32
 /S/ Juan G. Burciaga
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because Civ. Nos. 88-0024 JB/SGB and 89-1189 JP/WWD should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), there is no need to discuss defendants' other arguments for dismissal