955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jesse L. GARCIA, Plaintiff-Appellant,
v.
Robert J. TANSY, Warden; Stanley Moya, Disciplinary
Officer; and Jeff Nieto, Disciplinary Chairman,
Defendants-Appellees.
 No. 91-2155.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY, District Judge.*
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Jesse L. Garcia appeals the judgment of the district court which dismissed with prejudice his 42 U.S.C. § 1983 action insofar as it sought monetary damages. We note that the district court did not dispose of all claims before it, but referred the request for equitable relief to the special master in Duran v. Anaya, No. 77-721 (D.N.M.), for consideration under that consent decree. This is the appropriate procedure, as outlined in Facteau v. Sullivan, 843 F.2d 1318, 1319 (10th Cir.1988). We note that the Duran consent decree, in exhibit H, deals extensively with disciplinary proceedings, the appropriate procedures, and how much "good time" may be forfeited for particular infractions.
 
 
 3
 Even if we were to regard plaintiff Garcia's request for relief in the form of restoration of good time credits as stating a 28 U.S.C. § 2254 claim, which the defendants assert must be dismissed for failure to exhaust state remedies, see Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir.1991); see also Preiser v. Rodriguez, 411 U.S. 475, 499-500 & n. 14 (1973), we do not have a dispositive order of the district court appealable under 28 U.S.C. § 1291.
 
 
 4
 Presumably the special master will determine which, if any, claims in plaintiff's complaint are cognizable under the Duran consent decree. The special master's report will come back before the district court for its approval or reflection, and ultimately this litigation will produce an appealable, final order. At this stage, however, we do not have jurisdiction to determine the appeal.
 
 
 5
 APPEAL DISMISSED.
 
 
 
 *
 The Honorable Patrick F. Kelly, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3