61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brian MCCLELLAN, Plaintiff-Appellant,
v.
Gary JOHNSON, Governor; Correctional Medical Services Inc.;
Karl L. Sanniks, Secretary of Corrections; John Shanks,
Warden of Central NM Correctional Center; Central New
Mexico Correctional Facility, Medical Staff, Defendants-Appellees.
 No. 94-2261.
(D.C. No. CIV 94-1009)
 United States Court of Appeals, Tenth Circuit.
 July 19, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Petitioner-Appellant Brian McClellan ("McClellan") filed this action pursuant to 42 U.S.C.1983 to obtain injunctive relief for the inadequate medical attention he alleges he receives[2] in violation of his constitutional rights at the Central New Mexico Correctional Facility where he is incarcerated. The district court dismissed the action sua sponte, ruling that the action was barred by an ongoing class action and consent decree governing conditions in New Mexico's prisons. The court then referred McClellan's factual allegations to the special master appointed according to the consent decree.[3] Following our prior decision of Facteau v. Sullivan, 843 F.2d 1318 (10th Cir.1988), we hold that the district court's order is not final or appealable and dismiss the appeal.
 
 
 3
 In Facteau, an inmate in a New Mexico prison brought a civil rights action challenging the conditions of his incarceration, and the district court dismissed the action as barred by the ongoing class action and consent decree of Duran v. Anaya, No. 77-721 (D.N.M. July 17, 1980), as modified by Duran v. King, No. 77-721 (D.N.M. March 15, 1984).[4] We interpreted the court's order as "a dismissal without prejudice to refiling in the event plaintiff's claims are rejected as outside the scope of the Duran class action." Facteau, 843 F.2d at 1318. Accordingly, we ruled that the order effecting the transfer was not final or appealable, explaining that if plaintiff's claims fell within the Duran litigation his claims would be decided as part of that ongoing action, and that if his claims fell outside the scope of Duran his individual civil rights suit could be refiled or transferred back to the original district court and reinstated. Id. at 1319-20.
 
 
 4
 The circumstances of the instant action mirror those in Facteau. Accordingly, we treat this dismissal as one without prejudice to refile in the event that Plaintiff's claims are not considered in Duran v. King, No. 77-721 (D.N.M. March 15, 1984). McClellan's appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 McClellan suffers from cystic fibrosis
 
 
 [3]
 The district court also granted McClellan's motion to proceed in forma pauperis pursuant to 18 U.S.C.1915(a)
 
 
 [4]
 The consent decree in Duran governs all present and future inmates incarcerated at a maximum, close, or medium security prison facility in New Mexico after June 12, 1980, and precludes collateral actions for injunctive relief relating to issues covered by the decree. Facteau, 843 F.2d at 1319. The consent decree covers many aspects of prison conditions, including medical care. See Duran v. Carruthers, 678 F.Supp. 839, 841 n. 4 (D.N.M.1988), aff'd, 885 F.2d 1485 (10th Cir.1989), cert. denied, 493 U.S. 1056 (1990)