85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul C. KESTERSON, Defendant-Appellant.
 No. 95-5906.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1996.
 
 Before: GUY, NELSON, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Paul C. Kesterson moves for in forma pauperis status on appeal from a district court order granting the government's motion to dismiss the indictment without prejudice.
 
 
 2
 On December 13, 1993, Kesterson was indicted by a federal grand jury in the Western District of Tennessee on four counts of a twelve count indictment charging him with conspiracy to violate 21 U.S.C. §§ 846 (Count 1), 841(a)(1) (Counts 5 and 8), and 18 U.S.C. § 924(c) (Count 12).
 
 
 3
 On May 23, 1995, the government filed a motion to dismiss Kesterson from the indictment and to set aside a prior consent order regarding testing of controlled substances. On June 5, 1995, Kesterson filed a response to the government's motion to dismiss and also filed a motion requesting that the indictment be dismissed with prejudice. In an order filed June 13, 1995, the district court granted the government's motion and dismissed Kesterson from the indictment without prejudice. The court also granted the government's motion to set aside the consent order regarding independent testing of controlled substances. In addition, the court denied Kesterson's motion to dismiss the indictment with prejudice.
 
 
 4
 On June 21, 1995, Kesterson filed a notice of appeal from the order granting the government's motion to dismiss the indictment without prejudice.
 
 
 5
 The government argues in its brief on appeal that Kesterson's appeal from the order granting the government's motion to dismiss the indictment should be dismissed for lack of jurisdiction. It contends that the district court's order dismissing the indictment is not a final order under 28 U.S.C. § 1291 and that the dismissal is not otherwise appealable.
 
 
 6
 Our disposition of this appeal is based on the Supreme Court's decision in Parr v. United States, 351 U.S. 513 (1956). In Parr, the accused obtained a transfer of the indictment against him to another division within the same district on grounds of local prejudice. After defeating the transfer by obtaining a new indictment in another district, the government successfully moved for a Fed.R.Crim.P. 48(a) dismissal of the original indictment, and the accused appealed. The Fifth Circuit dismissed the appeal on the ground that the order appealed from lacked the requisite finality under 28 U.S.C. § 1291. The Supreme Court on certiorari, agreed, and alternatively held that even if the order's finality was assumed, it was still unappealable because Parr was not legally aggrieved and hence had no standing to appeal.
 
 
 7
 The Parr Court reasoned that in a criminal case, final judgment means conviction and sentence. A dismissal without prejudice is clearly neither, and the order being interlocutory, "its review must await the conclusion of the 'whole matter litigated' between the Government and the petitioner...." 351 U.S. at 518. The Court indicated that the appropriate time to review a dismissal is after reindictment and conviction:
 
 
 8
 [I]f petitioner preserves the point, he will certainly be entitled to have the [original indictment's] dismissal reviewed upon an appeal from a judgment of conviction under the [second] indictment. To hold this order 'final' at this stage of the prosecution would defeat the long-standing statutory policy against piecemeal appeals.
 
 
 9
 Id. at 519.
 
 
 10
 In the alternative, the Court determined that, even if the dismissal order was final, Parr had no standing to appeal as he was not legally aggrieved: "[o]nly one injured by the judgment sought to be reviewed can appeal, and ... petitioner has not been injured by [the prosecution's] termination in his favor." Id. at 516-17.
 
 
 11
 The dismissal in the instant case is indistinguishable from the one in Parr in that it is not final within the meaning of 28 U.S.C. § 1291 and it does not leave Kesterson aggrieved in such a way as to grant him standing to appeal. Parr mandates dismissal of this appeal.
 
 
 12
 Accordingly, the appeal is hereby dismissed. The motion for in forma pauperis status is denied as moot.