RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0312P (6th Cir.)
File Name: 02a0312p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

JOHN F. YEAGER,
  *Defendant-Appellant.*

No. 00-4378

———

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 98-00070—Susan J. Dlott, District Judge.

Argued: August 1, 2002

Decided and Filed: September 11, 2002

Before: SILER, COLE, and CLAY, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** John P. Feldmeier, SIRKIN, PINALES, MEZIBOV & SCHWARTZ LLP, Cincinnati, Ohio, for Appellant. Marc Osborne, ASSISTANT UNITED STATES ATTORNEY, Wilmington, Delaware, for Appellee. **ON BRIEF:** John P. Feldmeier, Martin S. Pinales, SIRKIN, PINALES, MEZIBOV & SCHWARTZ LLP, Cincinnati, Ohio, for Appellant. John M. DiPuccio, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, Marc

Osborne, ASSISTANT UNITED STATES ATTORNEY, Wilmington, Delaware, for Appellee.

––––––––––––––

**OPINION**

––––––––––––––

R. GUY COLE, JR., Circuit Judge.   Defendant John F. Yeager appeals the district court's dismissal without prejudice of his indictment for nine counts of bank fraud under 18 U.S.C. §§ 1344 and 2.  On appeal, Yeager contends that the district court erred in not dismissing the indictment with prejudice to preclude his re-indictment on the same bank fraud charges.  The government responds by arguing that the dismissal without prejudice is not an appealable order and alternatively, that the district court did not err in dismissing the indictment without prejudice.  For the reasons that follow, we **DISMISS** Yeager's appeal for lack of appellate jurisdiction.

**I.**

Defendant John F. Yeager was employed as an assistant branch manager at Star Bank in Springdale, Ohio between 1994 and 1996.  As a result of certain loans that he approved while at the bank, Yeager was indicted on nine counts of bank fraud under 18 U.S.C. §§ 1344 and 2 on July 1, 1998.  As part of pretrial discovery, Yeager's lawyer requested and moved for production of the loan applications, credit reports, and audit reports relating to the loans that Yeager authorized.  The government, through Assistant United States Attorney John M. DiPuccio, repeatedly represented to the district court, Yeager, and the grand jury that many of the documents that Yeager requested were unavailable or did not exist.  Rather than stand trial, Yeager entered a plea agreement in which he pleaded guilty to two counts of bank fraud and in return, the government agreed to recommend dismissal of the remaining counts at sentencing.  On August 30, 1999, two days before Yeager's sentencing, the government informed defense counsel that it was in possession of certain previously

requested documents. Over the next several months, the government produced additional documents to Yeager, including audit reports, which were in DiPuccio's possession for the duration of the litigation. Believing that the government violated its duty to produce evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), as well as its duty to produce requested documents within its possession, custody, or control under Federal Rule of Criminal Procedure 16(a)(1)(C), Yeager filed a motion to dismiss the indictment *with prejudice* under Criminal Rule 16(d)(2).

In response to Yeager's motion, the district court held an evidentiary hearing to ascertain whether the alleged discovery abuses took place. Based on that hearing, the district court concluded that the government had several of the requested documents in its possession throughout the pendency of the case. Moreover, the district court found that the government made several false statements regarding the documents in its possession to Yeager, the court, and the grand jury. In addition to those affirmative misrepresentations, the district court found that the government conducted discovery with negligence amounting to "deliberate indifference." On whole, the district court described the government's conduct as "[a]t the very least . . . reprehensible."

Against the backdrop of those factual findings, the district court evaluated the merits of Yeager's motion to dismiss. The district court determined that the government did not commit *Brady* error because the documents were not within its exclusive control. Nevertheless, the district court concluded that the government violated Criminal Rule 16(a)(1)(C) as a result of not producing the requested documents in its possession, custody, or control. Based on that violation, the district court employed its ability under Criminal Rule 16(d)(2) to sanction parties for discovery abuses and dismissed the indictment *without prejudice*.

Because the dismissal without prejudice allowed for the possibility that Yeager would be indicted again, Yeager

appealed the dismissal on October 26, 2000. All told, Yeager's concerns of a possible re-indictment were justified — on September 5, 2001, he was indicted for eighteen counts of bank fraud.

The parties raise several arguments on appeal for our consideration. Yeager contends that the district court erred in imposing the least severe sanction against the government and that due to the severity, scope, and cumulative effect of the government's misconduct (which the government concedes was "serious"), the indictment should have been dismissed with prejudice. The government responds by arguing that this Court does not have jurisdiction over the appeal; the district court did not abuse its discretion in declining to dismiss the indictment with prejudice; Yeager waived his claims by pleading guilty; the government unwittingly violated Rule 16, but committed no other misconduct; and this case does not justify dismissal with prejudice. We now consider those arguments.

## II.

Our first task is to address the government's challenge to our appellate subject matter jurisdiction. *See Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (alterations in original) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884))); *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900) (explaining that "on every writ of error or appeal, the first and fundamental question is that of jurisdiction"). A court of appeals independently evaluates its appellate jurisdiction over cases. *Mitchell v. Mauer*, 293 U.S. 237, 244 (1934) ("An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review."); *Great Southern Fire Proof Hotel Co.*, 177 U.S. at 453; *see also Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) (noting that "it

court is that of announcing the fact and dismissing the cause."); *see also* 15A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3905, at 232, 234 (2d ed. 1992) ("An appeal from an order that cannot be characterized as final, nor fit within some alternative statutory basis of jurisdiction, must be dismissed . . . ."). Thus, we **DISMISS** the appeal.

317, 322 (1984) (holding that a denial of motion to dismiss on double jeopardy grounds is immediately appealable); *Abney v. United States*, 431 U.S. 651, 659 (1977) (same); *Stack v. Boyle*, 342 U.S. 1, 4 (1951) (holding that a denial of motion to reduce bail is immediately appealable); *Keller v. Cent. Bank of Nigeria*, 277 F.3d 811, 815 (6th Cir. 2002) (holding that a denial of sovereign immunity is immediately appealable); *Klein v. Long*, 275 F.3d 544, 549 (6th Cir. 2001), *petition for cert. filed*, 70 U.S.L.W. 3758 (May 28, 2002) (No. 01-1742) (holding that a denial of qualified immunity is immediately appealable); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995) (same); *see generally Manion*, 986 F.2d at 1039 ("[O]rders denying rights that do not include protection from burdensome litigation are not immediately appealable."). Yeager does not identify any right or immunity that will be foreclosed through the denial of immediate appeal. Moreover, in the criminal context, this Circuit has identified only two situations where the collateral order doctrine permits interlocutory criminal appeals: denials of motions to dismiss on double jeopardy grounds and denials of motions to reduce bail before trial. *Bratcher*, 833 F.2d at 72. Yeager does not appeal either of those rights. Because the merits of Yeager's appeal are reviewable later, the third prong of the collateral order doctrine is not satisfied. As a result, the district court's dismissal without prejudice is not an immediately appealable collateral order.

## III.

In closing, Yeager fails to identify a viable statutory basis for this Court's appellate jurisdiction over his appeal of a dismissal without prejudice. Without a statutory basis for jurisdiction, this Court lacks jurisdiction. *See Carroll*, 354 U.S. at 399. Consequently, although this case involves a district court's finding of serious, "reprehensible" prosecutorial misconduct, we must refrain from reaching the merits of this appeal. *See Ex Parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to the

is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists"). Moreover, for appellate jurisdiction to exist, it must be conferred by statute. *Carroll v. United States*, 354 U.S. 394, 399 (1957) ("It is axiomatic, as a matter of history as well as doctrine, that the existence of appellate jurisdiction in a specific federal court over a given type of case is dependent upon authority expressly conferred by statute."); *see also* 15A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3905, at 232 (2d ed. 1992) ("It is now commonplace that the courts of appeals have only the jurisdiction conferred by statute."). Yeager argues that we have appellate jurisdiction over the district court's dismissal of his indictment without prejudice under both 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Therefore, our first priority is to assess whether either of those statutes provides appellate jurisdiction over this appeal.

### A.   Appellate Jurisdiction under 18 U.S.C. § 3742

Section 3742 of Chapter 18 of the United States Revised Code does not provide this Court with appellate jurisdiction over Yeager's appeal. Rather than serve as a general grant of jurisdiction over any component of a sentencing hearing, § 3742 provides appellate jurisdiction over appeals of final sentences, 18 U.S.C. § 3742(a) & (b), and appeals of plea agreements that include specific sentences under Federal Rule of Criminal Procedure 11(e)(1)(C), *id.* § 3742(c). But, here, Yeager did not receive a final sentence; nor did his plea agreement include a specific sentence under Criminal Rule 11(e)(1)(C). Consequently, § 3742 does not confer this Court with jurisdiction over Yeager's appeal.

### B.   Appellate Jurisdiction under 28 U.S.C. § 1291

Similarly, we lack jurisdiction under 28 U.S.C. § 1291. Section 1291 cloaks appellate courts with appellate jurisdiction over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. The Supreme Court explained in *Parr v. United States* that "[i]n general, a

'judgment' or 'decision' is final for purposes of appeal only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'" 351 U.S. 513, 518 (1956) (quoting *St. Louis, I. M. & S. Ry. Co. v. S. Express Co.*, 108 U.S. 24, 28-29 (1883)). For a dismissal without prejudice to be inherently final, it must, as a practical matter, prevent the parties from further litigating the merits of the case in federal court. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("'The critical determination [as to whether an order is final] is whether plaintiff has been effectively excluded from federal court under the present circumstances.'" (alteration in original) (quoting *Facteau v. Sullivan*, 843 F.2d 1318, 1319 (10th Cir. 1988))); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1067 (4th Cir. 1993) (holding that "a plaintiff may not appeal the dismissal of his complaint without prejudice unless the grounds for dismissal clearly indicate that 'no amendment [in the complaint] could cure the defects in the plaintiff's case'" (alteration in original) (quoting *Coniston Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988))). Thus, "where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon*, 273 F.3d at 1275. But, here, where the dismissal without prejudice did not prevent the government from prosecuting Yeager through another indictment, the dismissal without prejudice is not an inherently final decision. *See Parr*, 351 U.S. at 519 (explaining that the proper time to appeal a dismissal without prejudice in a criminal case is after a judgment of conviction under the second indictment); *United States v. Bratcher*, 833 F.2d 69, 72 (6th Cir. 1988) (holding that the court lacked jurisdiction over an appeal of a dismissal without prejudice of a bank fraud indictment); *United States v. Kesterson*, No. 95-5906, 1996 WL 233986, at *1 (6th Cir. May 7, 1996); *see also United States v. Moss*, 217 F.3d 426, 430 n.1 (6th Cir. 2000) ("A dismissal without prejudice is not a 'final order' within the meaning of 28 U.S.C. § 1291 that can be immediately appealed."). In further support of this conclusion, the Supreme Court has made clear that for

purposes of a defendant's criminal appeal, a final decision exists only after the defendant has been sentenced, *see Parr*, 351 U.S. at 518; *Berman v. United States*, 302 U.S. 211, 212 (1937), and because Yeager was not sentenced, there is no inherently final order for him to appeal.

## C.    Appellate Jurisdiction under the Collateral Order Doctrine

Although the dismissal without prejudice here is not inherently a final decision, it may be a final decision appealable under the collateral order doctrine. The collateral order doctrine allows immediate appeal of an order that (1) conclusively determines the disputed question; (2) resolves an important issue *completely separate* from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Johnson v. Jones*, 515 U.S. 304, 310 (1995); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949) (explaining that the collateral order doctrine applied only to that small class of cases, "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"); *Manion v. Evans*, 986 F.2d 1036, 1038 (6th Cir. 1993).

Yeager's appeal satisfies the first two prongs of the collateral order doctrine, but fails the third. The first requirement is met because Yeager's appeal would conclusively determine whether the district court erred in dismissing his case without prejudice. The second prong is also satisfied because Yeager's appeal arises out of the government's abuse of the discovery rules. As a result, the appeal is completely separate from the merits underlying the action. Yeager cannot meet the third prong because the district court's order is reviewable through non-interlocutory appeal. To satisfy the third prong, the lack of an immediate appeal must strip a party of its ability to preserve a right or an immunity. *See, e.g., Richardson v. United States*, 468 U.S.