

**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

## PEOPLE OF GUAM,
Plaintiff-Appellee,

**v.**

## BRUNO FRANKIE SIMMONS,
Defendant-Appellant.

Supreme Court Case No.: CRA23-007
(consolidated with CRA23-009)
Superior Court Case Nos.: CM0432-22, CF0095-23

## OPINION

## Cite as: 2025 Guam 2

Appeal from the Superior Court of Guam
Argued and submitted on February 27, 2024
Hagåtña, Guam

Appearing for Defendant-Appellant:
William Benjamin Pole, *Esq.*
Law Offices of William B. Pole, P.C.
456 W. O'Brien Dr., Ste. 104
Hagåtña, GU 96910

Appearing for Plaintiff-Appellee:
Steven Coaty, *Esq.* (briefed)
Daniel Morris, *Esq.* (argued)
Assistant Attorneys General
Office of the Attorney General
General Crimes Division
590 S. Marine Corps Dr., Ste. 801
Tamuning, GU 96913

**E-Received**
7/24/2025 4:15:33 PM

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**MARAMAN, J.:**

[1]     Defendant-Appellant Bruno Frankie Simmons appeals the dismissals of his two Superior Court cases, CM0432-22 and CF0095-23, arguing that they should have been dismissed with, instead of without, prejudice.  To support dismissal with prejudice, Simmons argues that in the first case, CM0432-22, the prosecution did not act in good faith and harassed him by filing and refiling the charges.  In the second case, CF0095-23, he argues that his due process and speedy trial rights were violated.  Because dismissal without prejudice is not a final order and discretionary review was not sought, we dismiss the appeals for lack of jurisdiction.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**A.  Superior Court Case No. CM0432-22**

[2]     In December 2022, Simmons was arrested and charged with the misdemeanor offenses of Criminal Trespass and Unauthorized Use of a Vehicle after he and his girlfriend allegedly took a truck and unlawfully entered an apartment.  The case was filed as Superior Court Case No. CM0432-22.

[3]     At his magistrate hearing on December 6, 2022, Simmons was released on a $2,000.00 personal recognizance bond and other conditions.  At his continued arraignment on January 5, 2023, Simmons asserted his right to a speedy trial.  Trial was set for March 3, 2023.  The People then moved to dismiss the case without prejudice because they recharged the matter as a felony via grand jury indictment.  After hearing arguments from both sides, the Superior Court dismissed the case but retained jurisdiction to determine whether the dismissal would be with or without prejudice.

**[4]**    Five months later, the Superior Court determined that the case would be dismissed without prejudice. Beginning with "the presumption that the prosecutor brings the motion [to dismiss] in good faith," the Superior Court concluded that Simmons did not provide "any evidence effectively rebutting the presumption of good faith," nor did he provide "any facts establishing actions constituting harassment" or prejudice suffered because of dismissal. Record on Appeal ("RA") CM0432-22, tab 50 at 4-5 (Dec. & Order, July 28, 2023).[1] The court noted that the magistrate had released Simmons with conditions on the day of his magistrate hearing.[2] Therefore, the court found dismissal without prejudice to be appropriate.

**B.  Superior Court Case No. CF0095-23**

**[5]**    Before Simmons's trial date in CM0432-22, the grand jury returned an indictment charging Simmons with Burglary (as a second-degree felony), Criminal Trespass (as a misdemeanor), Unauthorized Use of a Vehicle (as a misdemeanor), and Disorderly Conduct (as a petty misdemeanor). The case was filed as Superior Court Case No. CF0095-23. At his arraignment, Simmons asserted his right to a speedy trial. Trial was set for the following month.

**[6]**    Simmons then filed two motions to dismiss. Simmons moved to dismiss the charges of Burglary and Disorderly Conduct, arguing they were legally incompatible. The court agreed and dismissed the charges. The court recognized Guam's disorderly conduct statute requires "intent to cause public inconvenience, annoyance, or alarm, or recklessly create a risk thereof." RA CF0095-23, tab 46 at 2 (Order After Hr'g, Apr. 18, 2023). Because Simmons was charged for

---

[1] The court did recognize that Simmons alleged harm based on "the pendency of the charges until the running of the statute of limitations." RA CM0432-22, tab 50 at 5 n.2 (Dec. & Order, July 28, 2023). The court responded that once the statute of limitations runs, Simmons "is free to file a petition to dismiss and expunge the charges against him." *Id.*

[2] After arraignment in both cases, Simmons remained in the custody of the Department of Corrections on a parole detainer. This detainer was unrelated to the two cases here; rather, it was related to two other cases involving Simmons: CF0040-18 and CF0487-17.

conduct inside a residence, the court determined there was no indication the conduct occurred in or affected the public. By extension, the court found no legal basis for the Burglary charge, which required Simmons to have "the intent to commit the crime of disorderly conduct therein." *Id.* at 1, 3.[3]

[7]  Simmons's second motion to dismiss asked the court to dismiss the remaining charges—Criminal Trespass and Unauthorized Use of a Vehicle—on speedy trial grounds. The Superior Court denied the motion. It found there was no "indication that the Government acted in bad faith in bringing forth the felony charge." RA CF0095-23, tab 55 at 3 (Order Den. Second Mot. Dismiss, June 22, 2023). The court determined that under *People v. Flores*, 2009 Guam 22, the speedy trial clock restarted with the filing of the indictment. *See id.* (quoting *Flores*, 2009 Guam 22 ¶ 28).

[8]  Because of this reset, along with the tolling of the clock while resolving Simmons's motions, the Superior Court calculated that only nine days had elapsed since Simmons's assertion of his statutory speedy trial right. As for Simmons's constitutional speedy trial right, the court found that under the *Barker* factors, there was no "presumptively prejudicial" delay, as only three and a half months had elapsed between the arrest and Simmons's first motion to dismiss. *Id.* at 4 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The court denied the motion and set trial for July 12, 2023..

[9]  The day before trial was set to begin, the People filed a motion in limine to allow a material witness to testify over Zoom or to "delay the evidentiary portion of trial until after his return to Guam" at the end of July. RA CF0095-23, tab 65 at 2 (Mot. in Limine, July 11, 2023). The People asserted that they became aware only that morning that the witness was off island. Simmons

---

[3] Put another way, the trial court recognized that Burglary requires the space to be closed to the public, and the indictment alleged that Simmons burglarized with the intent to commit Disorderly Conduct—a crime that must involve the public—making the charges contradictory. *See* RA CF0095-23, tab 46 at 1, 3 n.1 (Order After Hr'g, Apr. 18, 2023).

opposed this motion, arguing that he had a constitutional right, under the Confrontation Clause, to physically face the witness. Because the witness could not be brought back in a timely and cost-efficient manner, the court dismissed the case but ordered supplemental briefing on whether the dismissal should be with or without prejudice.

[10]     On August 9, 2023, the Superior Court dismissed the case without prejudice. In its analysis, the court presumed that the People's dismissal was in good faith. RA CF0095-23, tab 81 at 4 (Order Dismissal Without Prejudice, Aug. 9, 2023) (citing *People v. Gutierrez*, 2005 Guam 19 ¶ 51 (per curiam)). It found that dismissal based on the "unavailability of a material witness" was not "motivated by considerations clearly contrary to the public interest." *Id.* (quoting *Gutierrez*, 2005 Guam 19 ¶ 54).

[11]     Simmons appealed both cases. Because both cases arose from the same set of circumstances and presented similar legal issues, we consolidated them into a single appeal.

## II. JURISDICTION

[12]     "We may review our own jurisdiction at any time, and we will dismiss an appeal if we find jurisdiction to be lacking." *RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp., Inc.*, 2023 Guam 8 ¶ 14 (citing *In re Estate of Maruyama*, 2013 Guam 23 ¶ 15) .

## III. STANDARD OF REVIEW

[13]     Jurisdictional defects require us to interpret the statutes that confer jurisdiction. *People v. San Nicolas*, 2016 Guam 21 ¶ 9. "Issues of statutory construction and jurisdiction are reviewed *de novo*." *Id.* (quoting *People v. Quichocho*, 1997 Guam 13 ¶ 3).

//

//

//

## IV.  ANALYSIS

**A.  Dismissal Without Prejudice Is Not a Final Order, and a Defendant Is Not Afforded an Appeal as of Right**

[14]    Simmons advances several arguments that this court has jurisdiction over a dismissal without prejudice.  The first is that this court has jurisdiction according to the usual statutory channels—48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 119-18 (2025)) (granting the Guam Supreme Court jurisdiction "to hear appeals over any cause in Guam decided by the Superior Court of Guam or other courts established under the laws of Guam"); 7 GCA § 3107(b) (2005) ("The Supreme Court shall have jurisdiction of all appeals arising from judgments, final decrees, or final orders of the Superior Court in criminal cases and in civil cases and proceedings."); or 7 GCA § 3108(a) (2005) ("Appellate review to the Supreme Court shall be available only upon the rendition of final judgment in the Superior Court from which appeal or application for review is taken.").

[15]    Under all these statutes, the order or judgment of the Superior Court must be final.  *See People v. Angoco*, 2006 Guam 18 ¶ 10.  "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'"  *People v. San Nicolas*, 1999 Guam 19 ¶ 10 (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)).  Federal courts have long held that in criminal prosecutions, an order or judgment becomes final when a sentence is imposed.  *See Parr v. United States*, 351 U.S. 513, 518 (1956); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) ("In a criminal case the [final judgment] rule prohibits appellate review until conviction and imposition of sentence."); *accord* 8 GCA § 120.18 (2005) ("A judgment of conviction shall set forth the plea, the verdict of findings, and the adjudication and sentence.").

**[16]**    Here, neither of the Superior Court's orders is final. The Superior Court dismissed both cases without prejudice. The Superior Court has not entered a judgment or sentence in either case. Even though an order of dismissal without prejudice terminated prosecution in both cases, it does not fall under the final judgment rule because Simmons "has not yet been tried, much less convicted and sentenced." *Parr*, 351 U.S. at 518.

**[17]**    We have stated that, in accordance with "our well established jurisprudence regarding final judgments," an order of dismissal without prejudice is not a final order or judgment. People v. Gutierrez, CRA04-004 (Order at 7 (May 5, 2005)). We join most federal circuit courts[4] and other jurisdictions[5] in concluding that, because a dismissal without prejudice leaves legal and substantive issues unresolved and allows for the possibility of refiling charges, it is not a final judgment or order. *See id.*

**[18]**    Here, the trial court's orders of dismissal without prejudice are not final, appealable orders because they did not terminate the actions on the merits, nor do they bar the People from refiling charges against Simmons within the applicable statute of limitations. To hold these orders "final" would defeat the longstanding policy against piecemeal appeals. *See Parr*, 351 U.S. at 520-21. The denial of appeals now will not deny Simmons an effective review of these claims post-

---

[4] *See United States. v. Yeager*, 303 F.3d 661, 665-66 (6th Cir. 2002); *United States v. Day*, 806 F.2d 1240, 1242 (5th Cir. 1986) (collecting cases from the Eleventh, First, and Fourth Circuits); *United States v. Ford*, 961 F.2d 150, 151 n.1 (9th Cir. 1992) (collecting cases from the Eighth, Fourth, Eleventh, and Second Circuits); *United States v. Tsosie*, 966 F.2d 1357, 1361-62 (10th Cir. 1992); *United States v. Kuper*, 522 F.3d 302, 303-04 (3d Cir. 2008).

[5] *See, e.g.*, *Beverly Enterprises-Arkansas, Inc. v. Hillier*, 14 S.W.3d 487, 489 (Ark. 2000) ("Should [the plaintiff] refile the suit and the trial court reach the merits of the case, these issues may be ripe for appeal. In the meantime, we lack jurisdiction over the instant appeal because the . . . order . . . dismissing appellee's complaint without prejudice[] is not a final, appealable order."); *Watson v. Pepper*, 738 So. 2d 512 (Mem.) (Fla. Dist. Ct. App. 1999) (per curiam) ("Because the trial court dismissed the complaint without prejudice, the order was not final, the appeal was premature, and this court is without jurisdiction."); *Brody v. Bock*, 897 P.2d 769, 777 (Colo. 1995) (en banc) ("Generally, a trial court's dismissal of a claim without prejudice does not constitute a final judgment for purposes of appeal because the factual and legal issues underlying the dispute have not been resolved."); *Sanderson v. Walsh County*, 712 N.W.2d 842, 845 (N.D. 2006) ("Generally, an order dismissing a complaint without prejudice is not appealable."); *Flores v. Dugan*, 435 N.E.2d 480, 482 (Ill. 1982) ("The order or judgment in this case, dismissing the cause [without prejudice] for want of prosecution, is not a final order since the plaintiffs had an absolute right to refile the action against the same party or parties and to reallege the same causes of action.").

conviction if he is retried. Although Simmons may have to hazard new trials (if the People decide to refile), he can obtain a review of the dismissals without prejudice. "[B]earing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Id.* at 519-20 (quoting *Cobbledick v. United States*, 309 U.S. 323, 325 (1940)).

[19]      Simmons further argues that this court could exercise jurisdiction under 8 GCA § 130.15(c). Appellant's Br. at 2; Appellant's Reply Br. at 2-32 (Jan. 24, 2024). Under section 130.15(c), a defendant can appeal "[f]rom any order made after judgment, affecting the substantial rights of the defendant." 8 GCA § 130.15(c) (2005). Simmons argues that his substantial rights were affected through the violation of his speedy trial and due process rights. *See* Reply Br. at 3, 6; *see also* Appellant's Br. at 22-30.

[20]      According to the plain language of section 130.15(c), the appeal must come from "any order made *after* judgment." 8 GCA § 130.15(c) (emphasis added). Here, there was no judgment. Simmons attempts to overcome this hurdle by arguing that an order turns into a final judgment after 150 days. Reply Br. at 1 (citing *Marriott v. Marriott*, 2014 Guam 28 ¶¶ 8, 10). Simmons misconstrues *Marriott*. *Marriott* involved a civil dispute regarding the division of community property in a divorce. *See* 2014 Guam 28 ¶ 4. In interpreting Guam Rule of Appellate Procedure ("GRAP") 4(a), we determined that a judgment is deemed entered when "150 days have run from the entry of the judgment or order in the civil docket." *Id.* ¶ 8 (citing Guam R. App. P. 4(a)(7)(B)). GRAP 4(a) specifically applies to appeals in civil cases. Guam R. App. P. 4(a). Our analysis hinged on the prerequisite that a "judgment or order [was] entered in the civil docket under [Guam Rule of Civil Procedure] 79(a)." *Marriott*, 2014 Guam 28 ¶ 8. Because this is not a civil case, *Marriott* does not apply. Therefore, we need not reach the issue of substantial rights, as there is no jurisdictional basis for Simmons to appeal under this statute.

**B. Discretionary Review Is Not Appropriate**

[21]     Although not raised by either party's briefing, we have the discretion to construe Simmons's brief as a petition for interlocutory review, as we have done in limited, extraordinary circumstances. *RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp., Inc.*, CVA22-003 (Order at 2 (Mar. 1, 2023)) ("Although [petitioner] has not complied with GRAP 4.2, we construe his notice of appeal and brief as a petition for permission to appeal."). We can review non-final orders if appellate review would "(1) [m]aterially advance the termination of the litigation or clarify further proceedings therein; (2) [p]rotect a party from substantial and irreparable injury; or (3) [c]larify issues of general importance in the administration of justice." 7 GCA § 3108(b).

[22]     Subparagraphs (1) and (3) both "address concerns of judicial efficiency in permitting interlocutory appeals in specific circumstances." *People v. Quenga*, 1997 Guam 6 ¶ 12. Like in *Quenga*, it is "unnecessary to provide guidance or clarification in the lower court's handling of this matter" here. *Id.* There is no need to materially advance the termination of litigation or clarify further proceedings, as there are no pending charges against Simmons. In clarifying issues of general importance in the administration of justice, we are careful not to use this prong as a procedural mechanism to allow for review that would subvert the Legislature's jurisdictional intent.[6] Finally, we are not persuaded that Simmons has suffered substantial and irreparable injury.[7] Therefore, we decline to construe his appeals as petitions for interlocutory review.

---

[6] The Guam Code specifically allows the People to appeal "[a]n order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy." 8 GCA § 130.20(a)(5) (2005). A defendant, on the other hand, cannot appeal from such an order. *See* 8 GCA § 130.15 (2005). We are aware that "this court's appellate jurisdiction is limited to those matters which the legislature permits us to review," *People v. Lujan*, 1998 Guam 28 ¶ 8, and, as with our supervisory power, we do not attempt to "circumvent the limits on our jurisdiction set forth by the Legislature" or create a "substitute for appeal." *People v. Angoco*, 2006 Guam 18 ¶ 29.

[7] Because the speedy trial clock restarted when the indictment for CF0095-23 was filed and was tolled for the time Simmons's motions to dismiss were pending, there was no statutory or constitutional time violation. *See People v. Flores*, 2009 Guam 22 ¶ 28. We are unpersuaded that the People acted in bad faith or "intended or clearly

**[23]**     We also have the discretion to construe Simmons's appeals as petitions for writs of mandamus.  A writ "must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law."  7 GCA § 31203 (2005).  It also "must be issued on the verified petition of the party beneficially interested."  *Id.*  "[O]utside of certain *habeas corpus* petition cases," we have declined "to treat an appeal as a writ when appellate jurisdiction was lacking."  *Angoco*, 2006 Guam 18 ¶ 31 n.9; *see also People v. Natividad*, 2005 Guam 28 ¶ 23.  We are not inclined to construe Simmons's appeals as writ petitions.

**[24]**     Even if we were persuaded that it were jurisdictionally proper to construe Simmons's appellate briefing as a petition, "[t]he issuance of a writ of mandate is a drastic remedy that should only be employed in extreme or extraordinary situations."  *Nicholson v. Superior Court*, 2007 Guam 9 ¶ 7.  This is not an "extreme or extraordinary" case.  *See id.*  Were Simmons to be recharged and convicted, he would not be foreclosed from seeking judicial remedy under the ordinary course of law.

## V.  CONCLUSION

**[25]**     Since a dismissal without prejudice is not a final order, Simmons does not have the right to an appeal.  Because there are no pending charges and Simmons did not seek discretionary review either through a petition for interlocutory review or a petition for a writ of mandamus, it is

---

operate[d] to circumvent the statute or rule prescribing a time limit for trial."  *Id.* (quoting *Curley v. State*, 474 A.2d 502, 507 (Md. 1984)).

Simmons was released with conditions after both arraignments in these cases.  He remained in the custody of the Department of Corrections based on a parole detainer in two unrelated cases—CF0040-18 and CF0487-17.  Simmons's argument that the charges here were an attempt by the People to keep him on parole is unsupported.  The only evidence set forth in the Records on Appeal is a newspaper article about the Parole Board hearing, in which the prosecutor stated that Simmons was not "a good candidate for parole" because of his felony charge, along with many "other cases."  RA CM0432-22, tab 51 at 3 (Def.'s Notice Gov't Used Dismissed Charges in CF0095-23 to Justify Withholding Parole, July 31, 2023).  We do not find such evidence sufficient to support a finding of "oppressive pretrial incarceration."  *See* Appellant's Br. at 29.

inappropriate for us to exercise discretionary jurisdiction.  The appeals are **DISMISSED** for lack of jurisdiction.


| /s/ | /s/ |
|:---:|:---:|
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |


/s/
ROBERT J. TORRES
Chief Justice