
Filed
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

## RSA-TUMON, LLC,
Plaintiff-Appellee,

**v.**

## PITT COUNTY MEMORIAL HOSPITAL, INC.,
Defendant-Appellee,

**and**

## SHERIF ANTOUN PHILIPS,
Defendant-Appellant.

Supreme Court Case No. CVA22-003
Superior Court Case No. CV0453-20

## OPINION

## Cite as: 2023 Guam 8

Appeal from the Superior Court of Guam
Argued and submitted on March 1, 2023
Hagåtña, Guam


E-Received
8/23/2023 4:17:29 PM

Appearing for Defendant-Appellant:
Sherif Antoun Philips, M.D., *pro se*
1406 N. Marine Corps Dr.
Tumon, GU 96913

Appearing for Plaintiff-Appellee:
Daniel J. Berman, *Esq.*
Berman Law Firm
Bank of Guam Bldg.
111 Chalan Santo Papa, Ste. 503
Hagåtña, GU 96910

Appearing for Defendant-Appellee:
Anita P. Arriola, *Esq.*
William B. Brennan, *Esq.* (argued)
Arriola Law Firm
259 Martyr St., Ste. 201
Hagåtña, GU 96910

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; KATHERINE A. MARAMAN, Associate Justice.

**TORRES, C.J.:**

[1] Defendant-Appellant Sherif Antoun Philips, M.D. ("Dr. Philips") asks us to review the Superior Court's denial of his motion to dismiss on various grounds. In an Order issued March 1, 2023, this court construed Dr. Philips's notice of appeal and brief as a petition for permission to appeal. Defendant-Appellee Pitt County Memorial Hospital, Inc. ("PCMH") and Plaintiff-Appellee RSA-Tumon, LLC ("RSA") were given the opportunity to answer the petition. RSA timely filed an answer, while PCMH filed a cross-petition for interlocutory review. RSA also answered the cross-petition.

[2] We grant Dr. Philips's petition for permission to appeal, we deny PCMH's cross-petition, we affirm the decision of the Superior Court, and we issue a pre-filing order to Dr. Philips.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

[3] This appeal is part of ongoing litigation between Dr. Philips and PCMH. Although the initial dispute between Dr. Philips and PCMH originated in North Carolina, this case is an interpleader action filed by RSA. This case was filed after PCMH levied against Dr. Philips's ownership interest in RSA and sold it at public auction to satisfy a judgment obtained in the North Carolina litigation.

[4] PCMH secured a judgment against Dr. Philips for $457,335.70 in costs and attorney's fees plus post-judgment interest in Pitt County, North Carolina Superior Court. Dr. Philips appealed to the North Carolina Supreme Court, and the court dismissed his appeal; he also filed claims against PCMH in federal court, but the claims were dismissed with prejudice. Appellant's

---

[1] This Opinion supersedes the Order issued by this court on March 31, 2023.

Excerpts of Record (May 3, 2022) ("ER") at unnumbered p. 81 (Pet. Writ Cert., Oct. 15, 2018).[2]

PCMH then filed a complaint in the Superior Court of Guam to domesticate the North Carolina judgment against Dr. Philips. PCMH moved for summary judgment against Dr. Philips, and the trial court granted the motion, giving the North Carolina judgment full faith and credit. PCMH then sought a levy on "[a]ll and any part of the capital, equity or membership interest" of Dr. Philips in RSA. Record on Appeal ("RA"), tab 1 at 2 (Compl. Interpleader, July 7, 2020) (alteration in original). PCMH obtained a writ of execution against Dr. Philips's membership interest in RSA and noticed an execution sale, where it intended to sell the membership interest at public auction. On the date of the auction, RSA sought to release the levy on the membership interest, but PCMH moved forward with the public auction—where it made the winning bid on credit.

[5] After the auction, RSA filed an interpleader complaint in the Superior Court of Guam. RSA sought to enjoin PCMH from selling Dr. Philips's membership interest in RSA because it claimed that such a sale violated its Operating Agreement. Dr. Philips was named as a defendant in the interpleader action and was served the summons and complaint at his place of business. Dr. Philips moved to dismiss and strike the complaint, alleging the Superior Court lacked jurisdiction.

[6] Dr. Philips then removed the case to the District Court of Guam. RSA moved for the case to be remanded to the Superior Court due to a lack of diversity between the parties. Dr. Philips filed no opposition. The District Court remanded the case to the Superior Court based on a lack of subject matter jurisdiction. The District Court noted that as a limited liability company, RSA

---

[2] Although filed simultaneously with his opening brief, Dr. Philips erroneously referred to these documents as his "Supplemental Excerpts" of Record rather than Excerpts of Record. *See* Guam R. App. P. 15(g)(1). Many documents from Dr. Philips's protracted litigation with PCMH are not included in the Record on Appeal in this case. In our discretion, and without request, we take judicial notice of this and certain other court records under Guam Rule of Evidence 201(b)(2)-(c), as they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See San Nicolas v. Birn*, 2022 Guam 8 ¶ 3 n.1.

is a citizen of every state of which its owners are citizens. As Dr. Philips owned a 5% membership interest in RSA, the District Court concluded that RSA was a citizen of whichever state Dr. Philips was a citizen, and that as such there could not be diversity. Dr. Philips then filed an appeal to the Ninth Circuit.

[7]     After the case was remanded to the Superior Court, Dr. Philips filed a "Rule 62 Motion to Dismiss," notwithstanding his previous motion to dismiss which was still under advisement. The Ninth Circuit denied his appeal because it lacked subject matter jurisdiction. That same day, the Superior Court denied the "Rule 62" motion, finding that "[t]o the extent Dr. Philips believes that this Court should stay these interpleader proceedings pending an appellate review of the remand Order, the Ninth Circuit has already definitively ruled that it lacks jurisdiction to review such Order." RA, tab 20 at 2 (Order, Aug. 6, 2021).

[8]     Just over two weeks later, Dr. Philips filed another motion to dismiss under Rule 62 of the Guam Rules of Civil Procedure. Seemingly, Dr. Philips wished to move the Superior Court to stay the proceedings pending disposition of his petition for panel rehearing to the Ninth Circuit. *See* ER at unnumbered pp. 53-54 (Order, Sept. 30, 2021); Appellant's Br. at 11 (May 3, 2022). The Ninth Circuit unanimously denied rehearing. Dr. Philips petitioned for a writ of certiorari to the U.S. Supreme Court, but it was not docketed for five months, presumably when his filing was brought into compliance with Court rules. *See* U.S. Supreme Court Docket Search, available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-1200.html; *see also* Sup. Ct. R. 12.3 ("[T]he petition shall comply in all respects with Rule 14 and shall be submitted with proof of service as required by Rule 29. The case then will be placed on the docket."). The U.S. Supreme Court denied certiorari.

[9]      Dr. Philips answered RSA's complaint and counterclaimed for "Accounting-Anti Trust, Fraud, Harassment and legal fees." RA, tab 32 at 1 (Answer – Denial Compl. & Countercls., Jan. 12, 2022). The Superior Court issued a Decision and Order denying Dr. Philips's second "Rule 62" motion. RA, tab 39 at 1-6 (Dec. & Order, Feb. 15, 2022). It found that Rule 62 did not apply and that further procedurally improper Rule 62 filings would subject Dr. Philips to sanctions. *Id.* at 2. The Superior Court found that it had personal jurisdiction over Dr. Philips because "the establishment of his domicile" in Guam was "now the law of the case." *Id.* at 3. The court took judicial notice that "Dr. Philips has continuously represented that he has been living in Guam for more than ten years and that Guam has become his primary residence." *Id.* The court stated that even if Dr. Philips's domicile were not in Guam, exercise of jurisdiction under Guam's long-arm jurisdiction statute would not offend due process because "Dr. Philips' admitted long-term residence on Guam indicates he has had substantial and continuous contacts within this forum, thereby conferring general jurisdiction over him." *Id.* at 4. The court also stated that Dr. Philips could not seek dismissal on the grounds of fraud or abuse of discretion. *Id.* at 4-5.

[10]      Dr. Philips filed a Notice of Appeal. This court held oral arguments, with Dr. Philips appearing on his own behalf. That same day, we issued an order invoking Rule 2 of the Guam Rules of Appellate Procedure ("GRAP") to suspend the requirements of GRAP 4.2 as they related to Dr. Philips's filings, and we construed his notice of appeal and brief as a petition for permission to appeal. RSA and PCMH were given an opportunity to file an answer opposing the petition. RSA timely answered, and PCMH filed a cross-petition for interlocutory appeal under GRAP 4.2(b)(2). RSA also answered the cross-petition.

[11]      On March 31, 2023, we dismissed two other procedurally improper interlocutory appeals that Dr. Philips had filed while this appeal was under advisement. Order (CVA22-009, Mar. 31,

2023); Order (CVA23-003, Mar. 31, 2023). We also issued a pre-filing order that imposed a temporary injunction on Dr. Philips's filing of interlocutory appeals until he had an opportunity to respond. Order at 16 (Mar. 31, 2023). Dr. Philips was ordered to show cause why the pre-filing order should not become final, to which he timely filed an answer. Show Cause (Apr. 10, 2023).

## II.  JURISDICTION

[12]      An order denying a motion to dismiss is not specifically appealable under Guam law. *See* 7 GCA § 25102 (2005). The interlocutory appeal of the denial of a motion to dismiss is a discretionary appeal, rather than an appeal as of right. *Banes v. Superior Court*, 2012 Guam 11 ¶ 22. An interlocutory appeal must satisfy at least one condition of 7 GCA § 3108(b), which exists to "ensure that such appeals are granted only when the necessity of immediate review outweighs [the] general policy against piecemeal disposal of litigation." *Shin v. Fujita Kanko Guam, Inc.*, 2007 Guam 18 ¶ 7 (alteration in original) (quoting *People v. Angoco*, 2006 Guam 18 ¶ 14). We can exercise our discretion to resolve a question of law that will "[m]aterially advance the termination of the litigation or clarify further proceedings therein." 7 GCA § 3108(b)(1) (2005).

[13]      The courts of Guam have the "inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *see also People v. Wai Kam Ho*, 2009 Guam 18 ¶ 8. The Guam Supreme Court also derives this power from our Rules of Appellate Procedure and the Organic Act. *See* Guam R. App. P. 32. *Compare* 48 U.S.C.A. § 1424-1(a)(3) (Westlaw current through Pub. L. 118-13) ("jurisdiction to issue all orders and writs in aid of its appellate, supervisory, and original jurisdiction"), *with Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (per curiam) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.").

### III.  STANDARD OF REVIEW

[14]     We may review our own jurisdiction at any time, and we will dismiss an appeal if we find jurisdiction to be lacking. *In re Estate of Maruyama*, 2013 Guam 23 ¶ 15.  Questions of jurisdiction involve interpretation of the applicable statutes about such jurisdiction; "[i]ssues of statutory construction and jurisdiction are reviewed *de novo*." *People v. San Nicolas*, 2016 Guam 21 ¶ 9 (citation omitted). Denial of a motion to dismiss is reviewed for an abuse of discretion. *Cf. Hemlani v. Hemlani*, 2015 Guam 34 ¶ 10; *People v. Leslie*, 2011 Guam 23 ¶ 13; *People v. Flores*, 2009 Guam 22 ¶ 9.

[15]     "Application of our Rules of Appellate Procedure . . . does not require a standard of review." *Abalos v. Cyfred, Ltd.*, 2009 Guam 14 ¶ 6.

### IV.  ANALYSIS

[16]     We give deference to the litigation efforts of a self-represented party. *Allen v. Richardson*, 2020 Guam 13 ¶ 8. Still, Dr. Philips's brief discusses several grievances about the rulings of the District Court of Guam, Ninth Circuit Court of Appeals, and the courts of North Carolina. *See* Appellant's Br. at 6-11. These topics are unrelated to this appeal regarding denial of his motion to dismiss and are outside our subject matter jurisdiction. As the original Superior Court action to domesticate the North Carolina judgment and this interpleader action are distinct, Dr. Philips's attempts to collaterally attack the North Carolina judgment are also misplaced. Deferring Dr. Philips's litigation efforts as a self-represented party, we limit our review to jurisdiction and whether the Superior Court abused its discretion in denying the motion to dismiss.

**A.  We Grant Dr. Philips's Petition for Interlocutory Appeal Because It Satisfies 7 GCA § 3108(b)(1)**

[17]     RSA argues that we lack jurisdiction over this interlocutory appeal. Appellee RSA's Br. at 6-9 (July 8, 2022).  To address these concerns, we allowed RSA and PCMH to answer the merits

of Dr. Philips's petition. We may hear an appeal of an interlocutory order if it satisfies one of the criteria in 7 GCA § 3108(b). We may exercise our discretion to resolve a question of law that will "[m]aterially advance the termination of the litigation or clarify further proceedings therein." 7 GCA § 3108(b)(1).

[18]     A threshold question is whether the issue on appeal presents a question of law. *See* 7 GCA § 3108(b). The issues presented do not call for a fact-intensive inquiry. *See In re Guardianship of Moylan*, 2018 Guam 15 ¶ 6 ("[S]ubject matter jurisdiction is a question of law " (quoting *Blake v. Cnty. of Kaua'i Plan. Comm'n*, 315 P.3d 749, 757 (Haw. 2013))); *Guam Police Dep't v. Guam Civ. Serv. Comm'n (Charfauros)*, 2020 Guam 12 ¶ 8 (stating that when deciding a motion to dismiss, "a court must accept all the well-pleaded facts as true, 'construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor'" (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9)).

[19]     This court has held that 7 GCA § 3108(b)(1) "address[es] concerns of judicial efficiency in permitting interlocutory appeals in specific circumstances." *People v. Quenga*, 1997 Guam 6 ¶ 12. Granting interlocutory review will not result in piecemeal disposition. Rather, it will promote judicial efficiency by resolving arguments that Dr. Philips continues to raise but which have not been addressed because his appeals are dismissed on procedural grounds. Deciding this appeal on the merits will clarify further proceedings because it will clarify that Dr. Philips's arguments have been heard and ruled on—he may not raise them again verbatim as he has done before. The dispute is primarily between RSA and PCMH about the propriety of the levy and sale of the ownership interest in the LLC. By reaching the merits of Dr. Philips's arguments at the early stages, we narrow the scope of the litigation and avoid future unnecessary appeals.

[20]     The provisions of GRAP 4.2 are not jurisdictional, and interlocutory review may be granted without a petition that complies with the rule if one of the criteria in 7 GCA § 3108(b) is met. *See People v. Lujan*, 1998 Guam 28 ¶ 8 ("We have consistently held that this court's appellate jurisdiction is limited to those matters which the *legislature* permits us to review." (emphasis added)); *cf. Sky Enter. v. Kobayashi*, 2002 Guam 24 ¶ 13 ("Because the time limit for filing an appeal is jurisdictional, it must be complied with, notwithstanding any order from this court agreeing to hear a discretionary appeal."); *State v. Jenne*, 591 A.2d 85, 88 (Vt. 1991). Therefore, we grant Dr. Philips's petition for permission to appeal.

**B.  We Deny PCMH's Cross-Petition for Interlocutory Appeal**

[21]     PCMH "submits its Cross-Petition for Interlocutory Appeal under 7 GCA § 3108(b)(l), (2) or (3)," but makes no further mention of the jurisdictional requirements of section 3108(b).  Cross-Pet. at 1 (Mar. 13, 2023); *see Sky Enter.*, 2002 Guam 24 ¶ 23 (stating the requirements of 7 GCA § 3108(b) are jurisdictional). The cross-petition provides no analysis about how the interlocutory appeal presents a question of law that would: "(1) Materially advance the termination of the litigation or clarify further proceedings therein; (2) Protect a party from substantial and irreparable injury; or (3) Clarify issues of general importance in the administration of justice." 7 GCA § 3108(b). When a party represented by counsel fails to argue the case meets the requirements of section 3108(b), they fail to meet their burden of showing those factors apply. *See In re Estate of Maruyama*, 2013 Guam 23 ¶ 28. "In both [trial] and appellate courts, the development of an argument is a party's responsibility, not a judicial duty." *Salt Lake City v. Kidd*, 2019 UT 4, ¶ 35, 435 P.3d 248; *see also Gaspard & Co. v. Tommy Tanaka Realty, Inc.*, No. CV-81-0053A, 1982 WL 30773, at *2 (D. Guam App. Div. July 2, 1982) ("Where an appellant fails to show that the

trial court was wrong, it is not incumbent on a reviewing court to engage in a dissertation on the law for the purposes of demonstrating that the trial court was right.").

[22]     As PCMH has failed to meet its burden of showing at least one of the factors in section 3108(b) is met, we deny its cross-petition.

## C.  We affirm the decision of the Superior Court

[23]     PCMH argues the Superior Court did not abuse its discretion in denying the motion to dismiss and characterizes Dr. Philips's appeal as "frivolous."  Appellee PCMH's Br. at 1 (May 27, 2022). It contends that Dr. Philips has "failed to show a reversible abuse of discretion or any related error in the trial court's denial of relief to Defendant on his Rule 62 Motion to Dismiss." *Id.* at 4. PCMH also states that neither it nor this court is "able to proceed on a focused legal review of the chaotic Opening Brief." *Id.* at 5. PCMH requests that we dismiss the appeal based on Dr. Philips's violations of the GRAP or based on the "incoherence and frivolousness of the Opening Brief." *Id.* RSA also argues the Superior Court did not abuse its discretion in denying the motion to dismiss, apart from its argument that this court lacks jurisdiction over this interlocutory appeal. Appellee RSA's Br. at 6-7.

### 1.  The Superior Court had subject matter jurisdiction because it took no substantive action until Dr. Philips exhausted federal appellate review

[24]     Although not clearly articulated, Dr. Philips's arguments are enough to merit review of the Superior Court's jurisdiction.  Dr. Philips's repeated invocation of Rule 62 seems to be a misguided attempt to invoke this court's "divestiture rule." *Compare* Guam R. Civ. P. 62(d), *with San Nicolas*, 2016 Guam 21 ¶ 13 ("[O]nce a notice of appeal has been filed, the trial court loses the power to take any *substantive action* with respect to the order or judgment on appeal." (quoting *Bell v. United States*, 676 A.2d 37, 40-41 (D.C. 1996))); *see also Dumaliang v. Silan*, 2000 Guam 24 ¶ 14 (explaining that the divestiture rule is a "judge-made rule designed to avoid confusion or

waste of time from having two courts considering the same issues at the same time"). He seems to argue that the Superior Court lacked jurisdiction while his appeal of the District Court's order of remand was pending. *See* Appellant's Br. at 11.

[25]     Although raising the divestiture rule presents an issue capable of our review, it does not apply in this case. Dr. Philips removed this action to federal court and then presented no basis for jurisdiction to the District Court. Appellee RSA's Suppl. Excerpts of Record ("SER") at 63-65 (Mot. Transfer, July 13, 2020); Appellee RSA's SER at 66-68 (Order Granting Mot. Remand, Mar. 30, 2021). The District Court remanded the case to the Superior Court. Appellee RSA's SER at 67-71 (Order Granting Mot. Remand). Dr. Philips then tried to appeal that order of remand to the Ninth Circuit, despite black letter law that an order of remand is not reviewable. 28 U.S.C.A. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise "); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 230 (2007). Even in the face of such a futile appeal, the Superior Court took no action until after the Ninth Circuit summarily rejected Dr. Philips's appeal. RA, tab 20 at 2 (Order, Aug. 6, 2021). The Superior Court then properly denied Dr. Philips's first "Rule 62" motion to dismiss because his appeal had been rejected. *Id.* ("To the extent Dr. Philips believes that this Court should stay these interpleader proceedings pending an appellate review of the remand Order, the Ninth Circuit has already definitively ruled that it lacks jurisdiction to review such Order.").

[26]     Although it is unclear from Dr. Philips's brief or excerpts of record, in giving deference to his litigation efforts, we infer that he filed his second "Rule 62" motion to dismiss after he petitioned the Ninth Circuit for rehearing. Dr. Philips's petition for rehearing was denied by the Ninth Circuit on September 30, 2021. The record shows the Superior Court took no substantive

action on the second "Rule 62" motion until February 15, 2022. *See* Certified Docket Sheet at 2-3 (Mar. 30, 2022). Even if the Superior Court lost the power to take any *substantive action* while the futile appeal of the remand order was pending, it had the power to deny the "Rule 62" motion when it did because "the mere act of filing a petition for certiorari does not deprive the [lower] court of jurisdiction over the case." *United States ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016); *see also United States v. Sears*, 411 F.3d 1240, 1241-42 (11th Cir. 2005) (per curiam) ("[T]he mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court. A litigant desiring such cessation must seek and obtain a stay."). The rule articulated by the Second Circuit is persuasive on this issue:

> Whatever the superficial attractiveness of a per se rule that filing of a notice of appeal automatically divests the district court of jurisdiction as to matters covered by the notice, such a rule is subject to abuse, and our application of the divestiture rule must be faithful to the principle of judicial economy from which it springs. We fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal.

*United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996) (citations omitted). Likewise, there is no efficiency in allowing Dr. Philips to halt Superior Court proceedings arbitrarily by filing an unauthorized notice of appeal which conferred on the Ninth Circuit only the power to dismiss the appeal. The Superior Court had jurisdiction because it did not violate the divestiture rule.

### 2. The Superior Court did not abuse its discretion in denying the motion to dismiss

[27]     We generally will not grant permission to appeal denial of a motion to dismiss. But we exercise our discretion in this unique factual and procedural instance to settle with finality the trial court's personal jurisdiction over Dr. Philips.

[28]     The Superior Court found that Dr. Philips's status as a resident of Guam was the law of the case, and as such the court had jurisdiction over him. RA, tab 39 at 3 (Dec. & Order, Feb. 15, 2022). It also took judicial notice of Dr. Philips's answer in the related case No. CV0478-18, where he represented that he has been living in Guam for more than ten years and that Guam has become his primary residence. *Id.* The court continued its analysis by stating that even if Dr. Philips were not a Guam resident, the court could still exercise general jurisdiction over him under Guam's long-arm statute. *Id.* at 2-4.

[29]     Whether the District Court's determination that Dr. Philips was domiciled in Guam was the "law of the case" is perhaps debatable, but the Superior Court's personal jurisdiction over Dr. Philips is not. The Superior Court is not bound by findings of the District Court in an order of remand, but it may adopt them if they are not clearly erroneous. *Cf. Ping Chiang Lei v. Glob. Eng'g & Maint. SVC. Corp.*, No. CV 96-00007A, 1996 WL 875782, at *4 (D. Guam Oct. 4, 1996) ("Following a bench trial, the judge's findings of fact should not be set aside unless clearly erroneous."). It was not an abuse of discretion to incorporate the District Court's findings into the determination that Dr. Philips is a resident of Guam and subject to the jurisdiction of the Superior Court.

[30]     The Superior Court taking judicial notice of Dr. Philips's answer in a related case was also proper. A court may take judicial notice of matters of public record, such as pleadings filed in other actions. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988) (stating that a judge could properly take judicial notice of determinations made by district court in other actions because they were matters of public record). This court has also stated that judicial notice is not limited to only the trial court record of the proceeding before the court. *People v. Diaz*, 2007 Guam 3 ¶ 66. "A judicial admission [i]s defined as 'a formal act done in the course of judicial

proceedings which . . . bars the party himself from disputing it.'" *Sinlao v. Sinlao*, 2005 Guam 24 ¶ 16 (first alteration in original) (quoting *Goldsmith v. Allied Bldg. Components, Inc.*, 833 S.W.2d 378, 380 (Ky. 1992)). "Such admissions 'may occur at any point during the litigation process,' including during '. . . pleadings . . . .'" *Id.* (quoting *Kohne v. Yost*, 818 P.2d 360, 362 (Mont. 1991)). The Superior Court did not abuse its discretion when it took judicial notice of Dr. Philips's admissions in a related case he was subject to the jurisdiction of the Superior Court.

[31]      "To establish personal jurisdiction, [a] plaintiff must first identify a statute asserting personal jurisdiction over the defendant; and then, the plaintiff must show that exercising jurisdiction over the defendant fulfills the constitutional principles of due process." *Banes*, 2012 Guam 11 ¶ 27.

[32]      The first statute RSA relies on is 7 GCA § 14108, which states, "From the time of the service of the summons and of a copy of the complaint in a civil action . . . the court is deemed to have acquired jurisdiction of the parties . . . ." Appellee RSA's Br. at 18; 7 GCA § 14108 (2005). PCMH and RSA both emphasize Dr. Philips was served in Guam, and that he has participated in this case beyond contesting the personal jurisdiction of the Superior Court. Appellee PCMH's Br. at 6; Appellee RSA's Br. at 7. The record shows that although service of the summons and complaint did not strictly follow the governing rules and statutes,[3] Dr. Philips has waived any defect by making a general appearance and failing to object to any defects in service of process.

---

[3] Guam has adopted a rule of strict compliance with statutory service requirements. *Pineda v. Pineda*, 2005 Guam 10 ¶ 18. "[J]urisdiction depends on the proper service of process or the waiver of any defect." *Id.* ¶ 10 (quoting *M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 364 (1st Cir. 2004)). The record reflects that the summons and complaint were delivered to Dr. Philips's place of business and left with an employee. As Dr. Philips is being sued in a personal capacity, serving an employee—who does not seem to have been appointed an agent for receiving process—may not have strictly complied with the statutory service requirements. But we emphasize that Dr. Philips has waived any potential defect by his participation in this case and caution him that going forward, making such arguments will result in appropriate sanctions.

*See Kim v. Min Sun Cha*, 2020 Guam 22 ¶ 45; *Long-Term Credit Bank of Japan v. Superior Court*, 2003 Guam 10 ¶ 43; RA, tab 32 at 1-5 (Answer – Denial Compl. & Countercls.).

[33]     The second statute which RSA advocates grants jurisdiction is 7 GCA § 14109. Appellee RSA's Br. at 18. Section 14109 serves as Guam's long-arm statute and lets Guam courts exercise jurisdiction "on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 GCA § 14109 (2005). "[A] court analyzing personal jurisdiction under Guam's long-arm statute[] simultaneously analyzes the issue of constitutional due process." *Banes*, 2012 Guam 11 ¶ 27. If Dr. Philips's argument about being a nonresident defendant is made in good faith, principles of Fourteenth Amendment due process require he have minimum contacts with Guam "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc.*, 1999 Guam 17 ¶ 17 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Only if minimum contacts exist will a nonresident defendant be subject to general (i.e., unlimited) or specific (i.e., limited) jurisdiction. *See id.* ¶ 18. RSA correctly argues the Superior Court could properly exercise either general or specific jurisdiction over Dr. Philips. Appellee RSA's Br. at 15-21.

[34]     We have adopted the rule that, "[i]f the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support [general] jurisdiction even if the cause of action is unrelated to the defendant's forum activities." *PCI Commc'ns*, 1999 Guam 17 ¶ 19 (second alteration in original) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977)). Thus, even if Dr. Philips is correct in arguing he is not a resident of Guam and his activities relating to the judgment were not "local matter activit[ies]," s*ee* Appellant's Br. at 1, the Superior Court had personal jurisdiction over him. That Dr. Philips has been living and practicing medicine in

Guam for nearly a decade gives rise to general jurisdiction because Dr. Philips's activities within Guam are substantial, continuous, and systematic. *See* RA, tab 39 at 3 (Dec. & Order, Feb. 15, 2022). The Superior Court correctly found it had general jurisdiction over Dr. Philips, and such a conclusion was not an abuse of discretion.

[35]     Even if Dr. Philips's activities had not been substantial, continuous and systematic,[4] specific jurisdiction also lies because "a court may alternatively exercise 'limited,' or 'specific' jurisdiction, where the defendant's contacts with the forum, though limited, are sufficiently related to the cause of action." *PCI Commc'ns*, 1999 Guam 17 ¶ 18 (quoting *Abuan v. Gen. Elec. Co.*, 735 F. Supp. 1479, 1482 (D. Guam 1990)). Guam has adopted the Ninth Circuit's three-prong test to determine whether limited jurisdiction is appropriate:

1.  The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws.

2.  The claim must be one which arises out of or results from the defendant's forum-related activities.

3.  Exercise of jurisdiction must be reasonable.

*Id.* ¶ 23 (quoting *Data Disc*, 557 F.2d at 1287).

[36]     Dr. Philips has purposefully availed himself of the privilege of practicing medicine in Guam, so the first prong is easily met. The cause of action is an interpleader brought by an LLC doing business in Guam and of which Dr. Philips might still be a member.[5] Thus, the second prong is also satisfied because it arises out of Dr. Philips's Guam-related activities. Finally, there has

---

[4] At oral argument, Dr. Philips advocated for this court to adopt an unfairness exception to general personal jurisdiction for individuals who do not wish to reside in Guam but are brought here by a series of unfortunate events. We decline to create such an exception.

[5] The question of who owns Dr. Philips's stake in RSA after PCMH purported to win it at public auction is the crux of the dispute in this interpleader action. *See* RA, tab 1 at 1-3 (Compl. Interpleader, July 7, 2020).

been no showing that exercise of jurisdiction would be unreasonable. We observe that Dr. Philips has appeared and represented his interests across multiple actions in the federal and local courts in Guam. The Superior Court did not invoke specific jurisdiction because it concluded it had general jurisdiction over Dr. Philips, but we find specific jurisdiction provides another basis for affirming the decision of the Superior Court.

[37]    The Superior Court has personal jurisdiction over Dr. Philips, and it did not abuse its discretion in denying his motion to dismiss.

### 3. This court echoes the Superior Court's warnings about future invocation of meritless arguments

[38]    The Superior Court warned Dr. Philips that further filings found to be procedurally improper would subject him to sanctions. *See* RA, tab 39 at 2 (Dec. & Order, Feb. 15, 2022). We reject as meritless all other arguments raised by Dr. Philips in his brief. We echo the warning of the Superior Court and add that we will not look kindly upon future "copy-and-paste" appeals. *See Conboy v. U.S. Small Bus. Admin.*, 992 F.3d 153, 158 (3d Cir. 2021).

### D.  We Issue a Pre-filing Order Limiting Dr. Philips's Future Interlocutory Appeals

[39]    Dr. Philips has received increasingly stern warnings from this court and the Superior Court. We have considered Dr. Philips's self-represented status in our repeated warnings—spanning several cases—regarding his noncompliance with court rules and orders. We note the concern that our suspension of GRAP 4.2 to let us reach the merits of Dr. Philip's jurisdictional arguments may set a poor precedent moving forward. Our dismissal of Dr. Philips's two subsequent interlocutory appeals signals we normally do not accept procedurally deficient interlocutory appeals. But we recognize the delay that has been wrought in the past by Dr. Philips's many procedurally deficient and meritless appeals.

[40]     The courts of Guam have the inherent power to regulate the activities of abusive litigants by "imposing carefully tailored restrictions in appropriate circumstances."[6] *Andrews*, 483 F.3d at 1077; *see also Wai Kam Ho*, 2009 Guam 18 ¶ 8.  We find persuasive, and adopt, the Tenth Circuit's test for imposing pre-filing orders against vexatious litigants: specifically, injunctions restricting further filings are appropriate "where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews*, 483 F.3d at 1077. We emphasize that a vexatious-litigant order "must be narrowly tailored to closely fit the specific vice encountered."  *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

[41]     Dr. Philips has filed at least three interlocutory appeals that have been procedurally deficient. He has copied and pasted his moving papers and briefs from one appeal to the next. He has taken appeals barred by black letter law. His history of abusing the interlocutory appeals process is lengthy. Our past orders emphasize the vexatious nature of Dr. Philips's previous interlocutory appeals.  *See* Order at 4 (CVA20-016, Aug. 27, 2021) ("[W]e will entertain no further motions in CVA20-002 or CVA20-016. Should Dr. Philips file any further frivolous pleadings or motions, we will designate him a vexatious litigant and will order the clerk's office to reject his future filings."); Order at 2 (CVA22-003, Nov. 10, 2022) ("This order shall serve as notice to Dr. Philips that any other flagrant disregard of the rules of practice before this court will not be treated with the same leniency that the court has extended to him in the past, and will instead be appropriately sanctioned."); Order to Show Cause at 4 (CVA22-009, Nov. 28, 2022) ("[B]ecause Dr. Philips has been afforded more than ample leniency and has been given fair warning by this

---

[6] Although we limit our pre-filing order in this case to future interlocutory appeals, on remand the Superior Court may exercise its inherent power to regulate Dr. Philips's abusive activities in the trial court.

court, the court finds it necessary and appropriate to sanction Dr. Philips monetarily for his repeated violations of the rules and orders of this court and for his continued abuse of process. *See* GRAP 21.1, 32.").

[42]     In deciding whether to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). We find it likely that this history will continue, and we issue a pre-filing review order. *See United States v. Howe*, No. 21-35682, 2021 WL 7161078, at *1 (9th Cir. Dec. 8, 2021) (contemplating a pre-filing review order to limit "further frivolous interlocutory appeals"). Thus, we will issue a separate administrative order detailing what Dr. Philips must do to bring future interlocutory appeals:

1. Dr. Philips must obtain in writing that a Superior Court judge finds the interlocutory order involves a controlling question of law on which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. If he obtains such a writing, the Supreme Court, in its discretion, may permit an appeal to be taken from this order, if application is made to the Supreme Court within ten days after the entry of the order: provided, however, that application for an appeal shall not stay proceedings in the Superior Court unless the Superior Court judge or the Supreme Court shall so order. *See* 28 U.S.C.A. § 1292(b).

2. If a Superior Court judge will not certify the interlocutory appeal in writing, Dr. Philips must move for leave to file a petition for permission to appeal in the Superior Court. Dr. Philips must submit a copy of the pre-filing order and a copy of the proposed petition with every motion for leave. This will let a reviewing judge assess whether the proposed filing is made in good faith, and the motion shall be granted only if the petition meets the requirements of GRAP 4.2. No appeal from the denial of a motion for leave will be entertained by this court. *See Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 868 (C.D. Cal. 2004).

[43]     Pre-filing orders are an extreme remedy that should rarely be used. *De Long*, 912 F.2d at 1147. "A court should enter a pre-filing order constraining a litigant's scope of actions in future

cases only after a cautious review of the pertinent circumstances." *Evergreen Dynasty Corp.*, 500 F.3d at 1057. Still, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148; *see also O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). We are convinced that a pre-filing order is justified and necessary to prevent Dr. Philips from filing any further vexatious interlocutory appeals.

[44]     We note that a litigant must be given an opportunity to oppose a court's pre-filing order before it is effective. *Andrews*, 483 F.3d at 1077. Our rules also require "notice and a reasonable opportunity to respond." Guam R. App. P. 21.1(c). The injunction limiting Dr. Philips's filing of interlocutory appeals was initially made temporary until he had an opportunity to respond. *See Fink v. Shemtov*, 103 Cal. Rptr. 3d 509, 519 (Ct. App. 2010) ("[A] prefiling order constitutes an injunction . . . ."). His written response does not adequately explain why we should not enter the pre-filing order.  Entry of the pre-filing order is justified and necessary to prevent Dr. Philips from filing any further vexatious interlocutory appeals.  On our own initiative, this pre-filing order shall issue, and the injunction limiting Dr. Philips's filing of interlocutory appeals is now permanent.

[45]     We emphasize that any future appeals by Dr. Philips will not stay enforcement of the judgment against him, unless he posts a supersedeas bond or obtains a stay of judgment without bond.

## V.  CONCLUSION

[46]     Dr. Philips's petition for permission to appeal is granted because it will materially advance the termination of litigation and clarify further proceedings by addressing concerns of judicial efficiency. PCMH's cross-petition for permission to appeal is denied because it fails to show any of the factors in 7 GCA § 3108(b) are met. The decision of the Superior Court is **AFFIRMED** on

the merits[7] because the court correctly found it had subject matter jurisdiction and personal jurisdiction over Dr. Philips. Finally, a pre-filing order shall issue to Dr. Philips because it is justified and necessary to prevent him from filing any further vexatious interlocutory appeals. The matter is **REMANDED** for further proceedings not inconsistent with this opinion.

| /s/ | /s/ |
|:---:|:---:|
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |

/s/
ROBERT J. TORRES
Chief Justice

---

[7] Despite the contention that we "dismiss[ed] . . . all petitioner['s] appeals never on [the m]erit[s] but on administration issues," Show Cause at unnumbered p. 26 (Apr. 10, 2023), we call to Dr. Philips's attention that the resolution of this appeal is on the merits. Future attempts to relitigate jurisdiction in this case will result in appropriate sanctions.