**E-FILED**
**CNMI SUPREME COURT**
E-filed: Jul 22 2025 05:00PM
Clerk Review: Jul 22 2025 05:00PM
Filing ID: 76700863
Case No.: 2024-SCC-0019-CIV
NoraV Borja





IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

---

**NORTHERN MARIANAS COLLEGE,**
*Plaintiff-Appellee*,

*v.*

**ZAJI O. ZAJRADHARA,**
*Defendant-Appellant.*

**Supreme Court No. 2024-SCC-0019-CIV**

---

**ORDER OF DISMISSAL**

**Cite as: 2025 MP 4**

Decided July 22, 2025

————————

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
JUSTICE PRO TEMPORE F. PHILIP CARBULLIDO

————————

Superior Court No. 24-0101
Associate Judge Kenneth L. Govendo, Presiding

CASTRO, C.J.:

¶ 1     Appellant Zaji O. Zajradhara ("Zajradhara") appeals a preliminary injunction issued by the Superior Court. Appellee Northern Marianas College ("NMC") moved this Court to address Zajradhara's behavior in its Motion to Strike and Motion for Order to Show Cause, and its Supplemental Motion for Order to Show Cause. We find that Zajradhara has repeatedly shown unprofessional conduct, a lack of decorum, a failure to follow procedural rules, and a lack of candor. Accordingly, Zajradhara's appeal is DISMISSED WITH PREJUDICE.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2     Zajradhara appears pro se and has been granted in forma pauperis status. He filed over forty documents with the Supreme Court Clerk of Court.[1] Several of these filings were duplicative, including the four separate versions of his Opening Brief. Additionally, he introduced arguments outside the scope of this appeal and cited numerous false legal authorities and hallucinated cases.

¶ 3     Zajradhara routinely sent inflammatory emails to opposing counsel and judicial staff, often including several unrelated parties as recipients. In several of these communications, Zajradhara used language that may be construed as harassing and intimidating, and directed personal attacks against opposing counsel and the trial court judge.

¶ 4     NMC moved to strike Zajradhara's Opening Brief and sanction him for his repeated failure to follow Supreme Court Rules, citation to non-existent authority, and personal attacks against opposing counsel and members of the bench.

¶ 5     We granted NMC's request to strike Appellant's Opening Brief from the record and ordered Zajradhara to show cause as to why his appeal should not be dismissed due to his ongoing violations of the Supreme Court Rules. Zajradhara was also ordered to show cause why he should not be sanctioned for his inappropriate behavior and why he should not be declared a vexatious litigant, based on his repeated filing of meritless motions and ongoing pattern of disrespect toward both the Court and opposing counsel.

¶ 6     Zajradhara received two warnings in earlier orders, reminding him that self-represented litigants must follow Supreme Court Rules and failure to do so may result in dismissal of the appeal.

## II. JURISDICTION

¶ 7     We have appellate jurisdiction over final judgments and orders of the Commonwealth Superior Court. NMI CONST. art. IV, § 3.

---

[1]    Zajradhara submitted a Motion for Addendum and Motion for Clarification of the record; however, because his appeal is being dismissed, we need not address these motions.

### IV. DISCUSSION
*A. Zajradhara's Violations of the Supreme Court Rules*

¶ 8     NMC moved this Court to sanction Zajradhara for his citations to hallucinated case law and failure to comply with Supreme Court Rules. While Zajradhara is appearing before this Court pro se, his status as an appellant does not excuse his failure to follow the rules. *See In re Estate of Tudela*, 2024 MP 9 ¶ 17. Appellate rules are not merely "prudential rule[s] of convenience." *Commonwealth v. Guiao*, 2016 MP 15 ¶ 12. Rather, they are required—and compliance is necessary—for the proper administration of justice. *Id.*

¶ 9     First, Zajradhara did not submit a timely brief under Supreme Court Rule 28 and neglected to submit an appendix as required under Rule 30(a). Second, his brief has procedural irregularities under Rule 32, including the lack of a cover page and improper formatting. Third, and most egregious, his argument section violates Rule 28, which requires citations to "authorities and parts of the record on which the appellant relies." Zajradhara cites three cases that either do not exist or misrepresent the content of the cited material. For example, Zajradhara cites *In re Estate of Tudela*, 2024 MP 9 ¶ 17 to "emphasiz[e] procedural fairness in judicial proceedings." However, the cited paragraph discusses that self-represented litigants are not excused from following the rules. Zajradhara also misrepresents *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 183 (1968), claiming it stands for the proposition that injunctions must be narrowly tailored to address specific harm, which is not illustrated in the case. Finally, *Santos v. Santos*, 2023 MP 5 ¶ 10, also cited by Zajradhara, simply does not exist. The improper citations are not limited to his brief, but reoccur throughout the duration of this appeal. In prior motions, he has cited to several nonexistent cases and legal authorities, including: "Mallory v. Norfolk Southern Ry. Co., 579 U.S. 131 (2016)"; "United States v. Oakley, 744 F.2d 1152 (5th Cir. 1984)"; "Dandan v. Bank of Hawaii*, 4 N.M.I. 289 (1996)"; "Agulto v. Guerrero*, 1 N.M.I. 635 (1990)"; and "Katel v. County of Nassau, 602 F. Supp. 2d 360, 364 (E.D.N.Y. 2009)." Zajradhara has been warned about this issue multiple times in past orders.

¶ 10     In his response to the show cause order, Zajradhara attributes his noncompliant brief to his pro se status and lack of resources. Appellant's Response to Order Granting Motion to Strike Opening Brief and Order Show Cause ("Response to Show Cause") at 2. While we acknowledge the difficulties pro se litigants face in navigating the legal system, all parties, despite their status, must abide by the rules. Zajradhara requests leniency instead of sanctions; however, we cannot, in good faith, excuse the repeated violations after multiple warnings. Courts have imposed sanctions on pro se litigants for filings that cite nonexistent case law. *See, e.g., Kruse v. Karlen*, 692 S.W.3d 43, 52 (Mo. Ct. App. 2024) (dismissing pro se appellant's case due to numerous citations to fabricated, non-existent case law and imposing a $10,000 fine for the opposing party's legal fees). Although this Court has yet to sanction a pro se litigant, we find that such an action is appropriate.

## B. Zajradhara's Professional Decorum

¶ 11    NMC moved to sanction Zajradhara for his repeated lack of professional decorum and inappropriate conduct toward opposing counsel. On multiple occasions, Zajradhara sent inflammatory emails containing unsupported personal attacks addressed to opposing counsel and court staff, and included third-party individuals in the emails, such as the U.S. Department of the Treasury, U.S. Government Accountability Office, the U.S. State Department Office of Inspector General, and the White House. We find this behavior unacceptable and sanctionable. *See In re Estate of Tudela*, 2023 MP 11 ¶ 23 (finding that continued personal attacks directed toward opposing counsel would be grounds for sanctions).

¶ 12    Self-represented litigants are expected to conduct themselves with the same level of decorum, courtesy, and professionalism as those represented by counsel. *See In re Paige*, 738 F. App'x 85, 86 (3d Cir. 2018). Ad hominem attacks directed at courts, court staff, bench, opposing counsel, or opposing parties are irrelevant and inappropriate. As a pro se litigant, appellant's role is to present legal arguments, not to harass, intimidate, demean, or insult others. *See Nguyen v. Biter*, 2015 U.S. Dist. LEXIS 9307, at *18 (E.D. Cal. Jan 27, 2015) ("Plaintiff is mistaken that proceeding pro se shields him from the consequences of his actions or excuses misbehavior. It does not. Parties and counsel have a duty to behave civilly and respectfully toward one another, and conduct to the contrary is sanctionable where it undermines the integrity of judicial proceedings."). Unfamiliarity with the legal process is no excuse to harass opposing counsel and the Court.

¶ 13    While Zajradhara, in his response, expresses regret about the tone of his emails, he maintains that his communications are protected by the First Amendment and stemmed from frustration with what he describes as "proveable [sic] injustice." Response to Show Cause at 4. He offers both an apology and commitment to professionalism, urging the Court to consider the context of his remarks rather than imposing sanctions. *Id.* We are unpersuaded by Zajradhara's response. The frequency and intensity of Zajradhara's communications reflect a pattern, not just a lapse in judgment. Additionally, the First Amendment does not shield litigants from discipline or sanctions for harassing, demeaning, or threatening conduct toward opposing counsel. *See, e.g., Florida Bar v. Sayler*, 721 So. 2d 1152, 1155 (Fla. 1998) ("The First Amendment does not protect those who make harassing or threatening remarks about the judiciary or opposing counsel.").

¶ 14    We find that Zajradhara's personal attacks against NMC and judicial officers throughout the life of this appeal fell well below the level of decorum that is expected from all those who appear before the Court, including parties appearing pro se. This Court will not tolerate such uncivil conduct, as such behavior undermines the integrity of the judicial process. Accordingly, we find that sanctions are justified.

### C. Sanctions

¶ 15     We may take any action deemed appropriate for non-compliance with the Rules, including dismissal of an appeal. NMI Sup. Ct. R. 45-1(c)(2). An appeal may also be dismissed as frivolous if it presents no cognizable legal question. *In re Estate of Tudela*, 2023 MP 11 ¶ 16. A frivolous appeal exists when there is a lack of a justiciable question and it is "readily recognizable as devoid of merit in that there is little prospect that [it] can ever succeed." *Id.* ¶ 17 (quoting *Commonwealth v. Kawai,* 1 NMI 66, 72 n.4 (1990)).

¶ 16     In *Tudela*, the appellant's arguments were found to be meritless: "an illustrious array of unsupported accusations" that "point[ed] to no factual or legal basis to justify" the relief requested. *Id.* ¶ 20. While the Court ultimately concluded that the appeal only "border[ed] on frivolous," it noted that the deficiencies could be cured by further argument from the appellant. *Id.* In that case, the appellant's accusations towards the administrator and attorney of his mother's estate, though personal and unsupported, were at least loosely tied to the legal issues on appeal.

¶ 17     In contrast, Zajradhara's filings and communications have been replete with inappropriate and unsupported commentary and personal attacks divorced from the issues on appeal. He has made unsupported statements and personal accusations against justices of the Supreme Court, the presiding judge in the Superior Court, opposing counsel, private individuals associated with the opposing party, the opposing party itself, and the integrity of both the Commonwealth and United States legal systems. Rather than argue the merits of the appeal, Zajradhara uses his filings as a platform to address matters outside the scope of this appeal.

¶ 18     The test for frivolity is whether the litigant can make a rational argument on the law or facts in support of their claim. *See Anders v. California*, 386 U.S. 738, 744 (1967) (finding an appeal frivolous where a brief lacks any legal points arguable on the merits). Zajradhara's Opening Brief, in any of its four forms, presents no cognizable legal or factual argument. Although it purports to rely on legal reasoning and authority, the cited authorities are nonexistent or provide no support for the arguments asserted. He has also failed to submit an appendix or any part of the record. Even if we set aside the lack of legal argument and inflammatory rhetoric, the Brief contains no meaningful legal or factual content, rendering judicial review difficult. In *Fox v. Fox*, the court affirmed that sanctions were appropriate when a party had filed numerous, duplicative motions lacking factual or legal support, and failed to follow procedural rules. 2022 VT 27 ¶ 2. Like *Fox*, we find Zajradhara's repeated meritless filings sanctionable.

¶ 19     NMC further requested attorney's fees and costs. While Supreme Court Rule 38 permits such relief, we decline to impose such measures at this time given Zajradhara's financial circumstances.

¶ 20    We have extended considerable leniency to Zajradhara throughout the appellate process. However, after receiving multiple warnings, continued noncompliance can no longer be tolerated. Zajradhara fails to take accountability and instead deflects blame onto the local bar association and this Court. Response to Show Cause at 2, 3. Zajradhara's repeated use of false authority and persistent personal attacks, lead us to dismiss this appeal as frivolous. We will not expend judicial resources on appellate briefs that egregiously violate the Supreme Court Rules; nor will we tolerate flagrant violations of an appellant's duty of candor to the court.

### D. Vexatious Litigant

¶ 21    After a review of the record and Zajradhara's conduct throughout the pendency of this appeal, the Court finds a sustained pattern of disregard for the rules, procedures, resources, and staff. A vexatious litigant is defined as a self-represented party who "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." 7 CMC § 2451(e)(3). The record reflects that Zajradhara has filed over forty documents in this appeal alone, many of which are duplicative and lack any meaningful substance.

¶ 22    Zajradhara has also filed four versions of his Opening Brief, offering little to no explanation regarding any distinctions among them. In one resubmission, he used language that may be construed as harassing and intimidating language and made personal attacks against opposing counsel and the trial court judge. Nearly every motion he has submitted has been filed in duplicate or triplicate, often repeating the same broad statements and requests that the Court has already addressed. These filings contain unmeritorious arguments, such as his request for removal of this case to federal court. Even after we have ruled on these motions, he persistently repeats the same arguments without acknowledging the Court's prior orders.

¶ 23    In determining whether to restrict a litigant's future access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *RSA-Tumon v. Pitt Cnty. Mem. Hosp., Inc.*, 2023 Guam 8 ¶ 42 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Zajradhara's conduct shows a clear and consistent pattern of disregard for the appellate process, this Court, and for the opposing party and its counsel. His incessant filing and refiling of unmeritorious motions have unnecessarily consumed judicial resources, requiring the Court and its staff to spend significant time reviewing duplicative submissions and trying to verify nonexistent legal authority. These repeated filings have also placed a considerable burden on the Clerk of Court, who must process, catalog, and serve each submission. Such conduct "cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at ¶ 43 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148

(9th Cir. 1990)). Despite having more than eight months to conform his conduct to the expectations of the appellate process, Zajradhara has failed to do so.

¶ 24    We find that Zajradhara is a vexatious litigant and may only file future litigation with the express permission of the Chief Justice for matters in the Supreme Court and the Presiding Judge for matters in the Superior Court. The Chief Justice and Presiding Judge shall permit the filing of litigation only if it appears that it has merit and has not been filed for harassment or delay. *See* 7 CMC § 2457.

### V. CONCLUSION

¶ 25    Throughout the course of this appeal, Zajradhara has repeatedly violated Supreme Court Rules, failed to maintain professional decorum, and submitted numerous filings devoid of legal merit. Accordingly, he is deemed a vexatious litigant in the courts of the Commonwealth and shall be subject to a pre-filing order pursuant to 7 CMC § 2457 to prevent any further misconduct and unnecessary expenditure of judicial resources. For the foregoing reasons, Zajradhara's appeal is DISMISSED WITH PREJUDICE.

SO ORDERED this 22nd day of July, 2025.


 /s/
ALEXANDRO C. CASTRO
Chief Justice


 /s/
JOHN A. MANGLOÑA
Associate Justice


 /s/
F. PHILIP CARBULLIDO
Justice Pro Tempore


COUNSEL

Zaji O. Zajradhara, Pro Se Appellant.

Mark Scoggins, Saipan, MP, for Appellee.


NOTICE

This order has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the

certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e-mail Supreme.Court@NMIJudiciary.gov.